# STATE v. JAMES WILLIAM GANNAWAY.

191 N. W. (2d) 555.

November 5, 1971—No. 43058.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for appellant.

*Vance K. Opperman* and *Doherty, Rumble & Butler,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rolloff, JJ.

PETERSON, JUSTICE.

This is an appeal by the state, pursuant to Minn. St. 632.11, subd. 1(3), from the district court's order suppressing certain evidence necessary to the prosecution of defendant for possession of narcotics in violation of Minn. St. 1969, § 618.02. The seized articles consisted of a plastic bag containing marijuana and a corncob pipe, the bowl of which contained a residue of marijuana. Chief Judge John Graff suppressed the evidence on the ground that the search and seizures were constitutionally impermissible under the Fourth Amendment, a ruling in which, on this record, we fully concur.

On December 22, 1970, at 10:45 p. m., St. Paul Police Officers Joseph Pelton and James Campbell stopped defendant, James William Gannaway, for driving the wrong way on a one-way street, Dayton Avenue, in the Selby-Dale area of St. Paul. At Officer Pelton's request, Gannaway produced his driver's license and then got out of his car. Pelton testified that he warned Gannaway to keep his hands out of his pockets but that Gannaway seemed intent on reaching into the right pocket of his outer coat. Thinking that Gannaway might be armed, Pelton thereupon commenced a protective "frisk" of the outer coat for weapons. He felt a bulge in Gannaway's right coat pocket which he thought might be a gun but, upon searching the pocket, he found only a corncob pipe equipped with a metal screen on top of the bowl.

It is the police officer's conduct thereafter which is the focus of the constitutional issue. With most commendable candor, Pelton admits that at the point of taking defendant's pipe he had no reason to believe that Gannaway had narcotics in his possession. Although subsequent chemical analysis revealed a residue of marijuana in the bowl of the pipe, the most that Pelton observed at the time was that it was a pipe usable for that purpose —and he did not at that point undertake to arrest him for a narcotics offense. Rather, Pelton continued the search only in the stated belief that Gannaway might be armed. Yet, for unexplained reason, Pelton retained the pipe and expanded his search to other clothing of defendant that gave no indication of the possible presence of a concealed weapon. He simply "pulled everything out" of Gannaway's other pockets, finding a small plastic bag containing marijuana in Gannaway's trouser pocket. He thereupon arrested Gannaway for the offense of possessing marijuana.

Ordinarily police officers may not, without a search warrant, make an exploratory search of a person arrested for a minor traffic offense. State v. Harris, 265 Minn. 260, 268, 121 N. W. (2d) 327, 333, certiorari denied, 375 U. S. 867, 84 S. Ct. 141, 11 L. ed. (2d) 94. A search must reasonably relate to the offense

for which the person was, with probable cause, arrested. We do not have here a situation where the driver was from the outset detained for investigation of driving under the influence of alcohol or narcotics. The reasons for the rule in the more usual simple traffic offense are that the arrestee does not have in his possession physical evidence of such traffic offense and will not ordinarily be armed. A search will not in such circumstances serve either of the usual and legitimate objectives of a warrantless search incident to an arrest, specifically, seizure of evidence of the offense for which the arrest is made or protection of the police officer's safety.

Of course, even in the case of an arrest for a minor traffic offense, if police officers have a reasonable and good-faith belief that the arrestee is armed and dangerous, then under the rule enunciated by the United States Supreme Court in the "stop-and-frisk" trilogy, the police may frisk the arrestee for weapons. Terry v. Ohio, 392 U. S. 1, 88 S. Ct. 1868, 20 L. ed. (2d) 889; Sibron v. New York, 392 U. S. 40, 88 S. Ct. 1889, 20 L. ed. (2d) 917; Peters v. New York, 392 U. S. 40, 88 S. Ct. 1912, 20 L. ed. (2d) 917.

We do not doubt that, in the situation confronting Officer Pelton at that time and place, Gannaway's reaching for his outer coat pocket, even after being warned not to do so, gave Officer Pelton reasonable cause to initiate a protective frisk for weapons. And upon sensing a hard object which he could reasonably think might be a gun in Gannaway's outer coat pocket, Officer Pelton clearly had the right to reach in and remove it. But upon ascertaining that the concealed object was so obviously not a weapon, Officer Pelton had no present reason for not returning it to Gannaway.

The plastic bag containing marijuana, seemingly the more critical item of state's evidence, was clearly the product of an indiscriminate, unwarranted search. There was no palpable indication of a possible weapon in defendant's trouser pocket, so that pocket was not within the permissible area of a protective

search. The corncob pipe was uncovered within the permissible area of a lawful protective search, but that alone afforded no basis for a nonprotective search for contraband. The alleged residue of marijuana in the corncob pipe was unknown to Officer Pelton at the time, so he did not have probable cause to arrest—and, in fact, did not arrest—defendant for a narcotics violation. The discovery of the marijuana as a result of the search made in the course of an arrest for a minor traffic violation does not validate the constitutionally impermissible seizure of either the pipe or the marijuana. Suppression of the marijuana was compelled and, at least on this record, suppression of the corncob pipe was likewise proper.

Defendant is allowed attorneys' fees, payable to his attorneys, in the amount of $750 and disbursements for the printing of defendant's brief. Minn. St. 632.13(8).

Affirmed.