STATE v. LOWELL CARL ELLANSON.

198 N. W. 2d 136.

May 12, 1972—No. 43491.

*Warren Spannaus,* Attorney General, *W. M. Gustafson,* County Attorney, and *Warren E. Litynski,* Special Assistant County Attorney, for appellant.

*Clothier & Roeder* and *Alan W. Roeder,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

PER CURIAM.

The state appeals pursuant to Minn. St. 632.11, subd. 1(3), from the district court's order suppressing certain evidence necessary to continue prosecution of defendant for unlawful possession of a narcotic drug, specifically, three plastic bags containing marijuana, two pipes containing marijuana residue, and two packages of cigarette paper. We hold that law enforcement officers, in searching the glove compartment of defendant's car and in seizing this evidence, did not violate defendant's Fourth Amendment rights, and therefore we reverse the district court's order suppressing the evidence.

On the afternoon of August 28, 1971, Highway Patrolman Wayne Grotberg observed an automobile, driven by defendant, weaving within

tending to support his claim, there being other affidavits before the trial court of significantly different tenor.

its lane on Highway No. 169, south of St. Peter. Although Grotberg did not feel that this constituted a violation of the traffic laws, he stopped the automobile to investigate, thinking that perhaps there might be something wrong with its steering mechanism. As Grotberg walked toward the stopped car, he observed a female passenger, who was sitting between defendant and another male passenger in the front seat, move in the direction of the glove compartment, and he heard what sounded like the slamming of the glove compartment. While asking defendant the reason for the weaving, he observed, in plain sight on the floor of the back seat, an "open bottle" of wine. He immediately arrested defendant for violation of Minn. St. 169.122, the "open bottle law," and asked defendant and his two passengers to get out of the car. He then searched under the front seat, where he discovered a paper bag containing another "open bottle." Grotberg then escorted defendant and the two passengers to the squad car and radioed for help, which arrived shortly thereafter. Claiming defendant's consent, Grotberg and the newly arrived officers searched the glove compartment, where they found the evidence ordered suppressed by the district court.

Whether or not defendant knowingly and voluntarily consented to the search of the glove compartment, we conclude that the search was a reasonable search incident to a valid arrest for violation of the open bottle law. Patrolman Grotberg had a right to stop defendant in order to investigate the cause of the unusual driving and, under the "plain sight rule," had a right to seize the open bottle which he saw and to arrest defendant for violation of the open bottle law. See, State v. Shevchuk, 291 Minn. 365, 191 N. W. 2d 557 (1971). Incident to this valid arrest, Grotberg had a right to make a reasonable search in any part of defendant's car where the keeping of an open bottle constitutes a violation of the law for evidence of further violation of the open bottle law. See, State v. Gannaway, 291 Minn. 391, 392, 191 N. W. 2d 555, 556 (1971). Section 169.122, subd. 3, which prohibits possession of an "open bottle" of intoxicating liquor in any area of a motor vehicle normally occupied by the driver or passengers, specifically provides: "A utility compartment or glove compartment shall be deemed to be within the area occupied by the driver and passengers." Clearly, Grotberg had a right to search the glove compartment. The fact that Grotberg and the other officers found marijuana and not the bottles they were looking for does not alter the reasonableness of the scope of their search. The search being reasonable, they had a right to seize the marijuana and to arrest defendant for unlawful possession of it.

Defendant is allowed attorneys' fees in the amount of $600 and dis-

bursements of $20.40 for the cost of copying his brief, payable to his attorney. Minn. St. 632.13(8).

Reversed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.