James Williams **SHELLADY**, Appellant,

v.

Michael **SELLERS**, Commissioner of Public Safety, Iowa Department of Public Safety, Appellee.

No. 55953.

Supreme Court of Iowa.

May 23, 1973.

Rehearing Denied June 25, 1973.

Donald L. Diehl and John P. Sizemore, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., and Peter E. Voorhees, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LEGRAND, REYNOLDSON, and HARRIS, JJ.

MOORE, Chief Justice.

Plaintiff appeals from trial court judgment upholding the commissioner of public safety's order revoking his driving privileges because of refusal to submit to a chemical test under the Implied Consent Law, Code chapter 321B. We affirm.

The sole question presented is whether the arresting officer had reasonable grounds to believe plaintiff had been operating a motor vehicle while in an intoxicated condition and therefore whether his

driver's license was properly revoked for refusing to submit to a chemical test.

As pertinent here Code section 321B.3 provides:

"Any person who operates a motor vehicle in this state upon a public highway, *under such circumstances as to give reasonable grounds to believe the person to have been operating a motor vehicle while under the influence of an alcoholic beverage,* shall be deemed to have given consent to the withdrawal from his body of specimens of his blood, breath, saliva, or urine, and to a chemical test or tests thereof, for the purpose of determining the alcoholic content of his blood, subject to the provisions hereinafter set out. * * * [I]f such person refuses to submit to any chemical testing, no test shall be given, and the provisions of section 321B.7 shall apply. * * *." (Our emphasis).

In pertinent part Code section 321B.7 provides:

"If a person under arrest refuses to submit to the chemical testing, no test shall be given, but the commissioner of public safety, upon the receipt of a sworn report of the peace officer that he had *reasonable grounds to believe the arrested person to have been operating a motor vehicle upon a public highway* * * * *while under the influence of an alcoholic beverage* * * * shall revoke his license or permit to drive * * * for a period of not less than one hundred twenty days nor more than one year; * * *." (Our emphasis).

■■ These applicable well-established propositions should first be stated. Our review and that of the district court is de novo. Section 321B.9. Proceedings under chapter 321B are administrative and not criminal. Severson v. Sueppel, 260 Iowa 1169, 1176, 152 N.W.2d 281, 285. A motorist who appeals from an order revoking his driver's license has the burden to prove the material allegations of his petition by a preponderance of the evidence. Buda v. Fulton, 261 Iowa 981, 985, 986, 157 N.W.2d 336, 338, 339.

The record before us consists of the evidence submitted before the commissioner's duly-appointed hearing officer and the additional evidence submitted in the district court. Only a few inconsistent statements of the witnesses are found.

Danny Lynch, an experienced Iowa City police officer, testified he was in his squad car at the intersection of Maiden Lane and Kirkwood Avenue at about 10:00 P.M. on July 22, 1972 when he observed a motor vehicle travel about a block east on Kirkwood and then turn right onto Gilbert Avenue. He further testified the vehicle twice went over the marked center line on Kirkwood and then returned to the right lane; on Gilbert it crossed over the two yellow lines in the street and returned. The manner in which the vehicle was being operated caused Lynch to suspect drunk driving. He gave a red flashing light signal and the vehicle was stopped after it traveled south a short distance on Gilbert. The driver, plaintiff here, was directed to get out of his vehicle and to produce his driver's license. Plaintiff had difficulty getting his wallet from his pants pocket and in finding his driver's license. Lynch testified plaintiff had a strong odor of alcohol, his speech was slurred and "as he was standing there he was swaying or weaving, whatever you want to call it." In response to the officer's question plaintiff stated he had been drinking.

Lynch further testified he formed an opinion plaintiff was intoxicated and that he then placed plaintiff under arrest for operating a motor vehicle while under the influence of an alcoholic beverage. Plaintiff was immediately taken to the police station where he refused to consent to a blood, breath or urine test.

Plaintiff testified he had had a glass of beer at about 5:00 P.M. and a short time later a glass of wine but nothing else prior to his arrest. He denied any irregular

driving and that he felt any effects from the drinks he had consumed several hours earlier.

Sandra Cornett, a passenger in plaintiff's vehicle, testified she observed no irregular driving and that she observed nothing about plaintiff to indicate he had been drinking intoxicating liquor.

Two employees at plaintiff's place of business saw him there a short time before his arrest and stated they observed nothing to indicate plaintiff had been drinking.

■ Much of plaintiff's evidence is directed at showing he was not in fact under the influence of an alcoholic beverage which undoubtedly is the major issue in a criminal prosecution for O.M.V.U.I. under Code section 321.281. The outcome of any criminal prosecution is of no consequence in this civil proceeding although they may arise out of the same motor vehicle operation. Severson v. Sueppel, supra, 260 Iowa 1169, 1176, 152 N.W.2d 281, 285; Gottschalk v. Sueppel, 258 Iowa 1173, 1180, 140 N.W.2d 866, 870.

. By the clear provisions of the above quoted Code sections 321B.3 and 321B.7, the issue presented is whether Officer Lynch had reasonable grounds to believe plaintiff was operating a motor vehicle while under the influence of an alcoholic beverage. It is a question of first impression before this court. However, it is primarily a factual question.

Courts of other jurisdictions have considered similar statutes and the specific problem now before us.

In Re Emberton, 109 N.J.Super. 211, 262 A.2d 899, 901, states: "Reasonable grounds means probable cause, which exists 'if the facts and circumstances known to the offi-cer warrant a prudent man in believing that the offense has been committed.'"

In McGarry v. Costello, 128 Vt. 234, 260 A.2d 402, 405, the court says: "In any event, the first question at the summary hearing is not whether the officer's opinion was wrong or contrary to that of other observers. The issue is whether the facts and circumstances provide a reasonable basis for the officer's judgment."

In discussing the reasonableness of an officer's stopping a motorist and making an arrest for illegal possession of drugs the court in People v. Davis, 188 Cal.App. 2d 718, 10 Cal.Rptr. 610, 612 states: "The reasonableness of the action of police officers must be determined on the basis of the facts and circumstances as they appeared to the officers at the time they were required to act."

■ Erratic driving such as weaving across the center line of the street is sufficient to justify an officer in stopping the vehicle and conducting an investigation. State v. Gustafson, Fla., 258 So.2d 1, 2; State v. Ellanson, 293 Minn. 490, 198 N. W.2d 136, 137; State v. Fry, 13 N.C.App. 39, 185 S.E.2d 256, 260; Perkins v. State of Mississippi, (5 Cir.), 455 F.2d 7, 9.

■ Our de novo review leads us to conclude Officer Lynch under the facts and circumstances shown had reasonable ground to believe plaintiff had been operating his motor vehicle while under the influence of an alcoholic beverage and for requesting plaintiff to submit to chemical testing.

The judgment of the trial court is affirmed. The order staying revocation during this appeal is set aside. The revocation order should now be enforced.

Affirmed.