**Marvin Ray SAUNDERS, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellee.**

No. 2–56495.

Supreme Court of Iowa.

Feb. 19, 1975.

Frank D. Tucker, Jr., Bettendorf, for appellant.

Richard C. Turner, Atty. Gen., Peter E. Voorhees, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

MOORE, Chief Justice.

Plaintiff Marvin Ray Saunders appeals from trial court judgment affirming the commissioner of public safety's order revoking his driving privileges for refusing to submit to a chemical test under the Implied Consent Law, Code chapter 321.B. We affirm and remand.

The issues raised by plaintiff-appellant are whether (1) he was unlawfully stopped while driving on the public highway and (2)

the arresting officer had reasonable grounds to believe plaintiff had been operating a motor vehicle while in an intoxicated condition.

The record before us consists solely of the evidence submitted in the district court. The evidence presented to the commissioner or hearing officer appointed by him was not made a part of the record.

John Sandy Wooten, an experienced Bettendorf policeman, testified he was operating his patrol car at 18th and Grand Streets at 1:14 a. m. on October 5, 1972 when he observed an automobile traveling on 18th Street weave over the center line a couple of times within a block. He stopped the car and asked the driver for his operator's license. The driver, plaintiff here, got out of the car but "had a bad time getting his drivers license out of his billfold." Plaintiff smelled of alcohol and, to Wooten, appeared to be under the influence of intoxicants. As plaintiff walked back toward the patrol car, he steadied himself by holding onto his car. Plaintiff told Wooten he'd had three or four beers and that he was not under any medication.

Plaintiff was then taken to the police station where he was placed under arrest for operating a motor vehicle while under the influence of an intoxicating beverage. Plaintiff called an attorney and, on his advice, refused to consent to a blood or urine test.

Plaintiff testified he had had "a couple" of beers within the hour preceding his arrest, but on cross-examination testified he may have told Officer Wooten he had consumed three or four beers. Plaintiff also stated he was taking tranquilizers at the time of his arrest. He testified they had been prescribed by his doctor. Defendant further testified his dentures cause a speech impediment or slurring of speech when he becomes nervous.

I. Plaintiff first argues Officer Wooten unlawfully stopped him as he drove along the public street.

Code section 321.492 authorizes a peace officer to stop any vehicle in order to: (1) require exhibition of the driver's operator or chauffeur license, (2) serve a summons or traffic ticket, (3) inspect the vehicle's condition, (4) inspect any manifest of employment, (5) inspect safety equipment and (6) inspect registration certificate.

The cases plaintiff cites in support of his first contention concern the existence of probable cause for search of a vehicle after it was stopped by police officers. They are not applicable here as there was no search.

In our recent opinion in Shellady v. Sellers, Iowa, 208 N.W.2d 12, 14, we say:

"Erratic driving such as weaving across the center line of the street is sufficient to justify an officer in stopping the vehicle and conducting an investigation. State v. Gustafson, Fla., 258 So.2d 1, 2; State v. Ellanson, 293 Minn. 490, 198 N.W.2d 136, 137; State v. Fry, 13 N.C. App. 39, 185 S.E.2d 256, 260; Perkins v. State of Mississippi, (5 Cir.), 455 F.2d 7, 9."

II. As pertinent here Code section 321B.3 provides:

"Any person who operates a motor vehicle in this state upon a public highway, *under such circumstances as to give reasonable grounds to believe the person to have been operating a motor vehicle while under the influence of an alcoholic beverage*, shall be deemed to have given consent to the withdrawal from his body of specimens of his blood, breath, saliva, or urine, and to a chemical test or tests thereof, for the purpose of determining the alcoholic content of his blood, subject to the provisions hereinafter set out. * * * [I]f such person refuses to submit to any chemical testing, no test shall be given, and the provisions of section 321B.7 shall apply. * * *." (Emphasis added).

In pertinent part Code section 321B.7 provides:

"If a person under arrest refuses to submit to the chemical testing, no test shall be given, but the commissioner of public safety, upon the receipt of a sworn report of the peace officer that he had *reasonable grounds to believe the arrested person to have been operating a motor vehicle upon a public highway * * * while under the influence of an alcoholic beverage ·* * * * shall revoke his license or permit to drive * * * for a period of not less than one hundred twenty days nor more than one year; * * *.*" (Emphasis added).

In Shellady v. Sellers, supra, 208 N.W.2d at 13, we considered the second issue presented here in light of the following principles:

"* * *. Our review and that of the district court is de novo. Section 321B.9. Proceedings under chapter 321B are administrative and not criminal. Severson v. Sueppel, 260 Iowa 1169, 1176, 152 N.W.2d 281, 285. A motorist who appeals from an order revoking his driver's license has the burden to prove the material allegations of his petition by a preponderance of the evidence. Buda v. Fulton, 261 Iowa 981, 985, 986, 157 N.W.2d 336, 338, 339."

■ The question of whether plaintiff was *in fact* operating a motor vehicle while under the influence of an alcoholic beverage, the major issue in a criminal prosecution for O.M.V.U.I. under Code section 321.-281, is not an issue in this civil proceeding under the above quoted provisions of Code sections 321B.3 and 321B.7. Shellady v. Sellers, supra, 208 N.W.2d at 14, and citations. The issue presented here is whether Officer Wooten had "reasonable grounds" to believe plaintiff was operating a motor vehicle while under the influence of an alcoholic beverage.

■ The "reasonable grounds" test is met where the facts and circumstances known to the officer at the time he was required to act warrant a prudent man in believing the offense has been or is being committed. Shellady v. Sellers, supra, 208 N.W.2d at 14, and citations. See also, Severson v. Sueppel, 260 Iowa 1169, 1174, 152 N.W.2d 281, 284 and Code section 755.4.

■ Upon observing plaintiff's vehicle weaving across the center line of the street Officer Wooten was justified in stopping the vehicle and conducting an investigation. Shellady v. Sellers, supra, 208 N.W.2d at 14, and citations. Plaintiff's erratic driving, the smell of alcohol on his breath, his difficulty in producing his driver's license and his unstable walk lead us to conclude Officer Wooten had reasonable grounds to believe plaintiff had been operating his motor vehicle while under the influence of an alcoholic beverage and reasonable ground for requesting plaintiff to submit to chemical testing.

We agree with the order and judgment of the trial court. The record discloses plaintiff has retained his license under an injunction issued by the trial court. This case is remanded for order setting aside the injunction. A period of revocation as originally ordered by the commissioner of public safety should now be enforced.

Affirmed and remanded.