Donald LeWarren CROSSER, Appellee,

v.

IOWA DEPARTMENT OF PUBLIC SAFETY, Appellant.

No. 2–57197.

Supreme Court of Iowa.

April 14, 1976.
Rehearing Denied May 13, 1976.

Richard C. Turner, Atty. Gen., John G. Mullen and Peter E. Voorhees, Asst. Attys. Gen., for appellant.

Charles F. Fairall, Fairall & Fairall, Marshalltown, for appellee.

Heard before MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The Iowa department of public safety (the department) appeals from a trial court decree vacating a driver's license revocation under the implied consent law. We reverse the trial court and reinstate the revocation.

About 2:00 a. m. on New Year's morning, 1973, Donald Crosser (plaintiff) was arrested for operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.281, The Code. His refusal to thereafter submit to a chemical test of his blood or breath resulted in revocation of his driver's license under § 321B.7, The Code. Plaintiff then brought this action challenging the revocation on the claim the arresting officer had no reasonable grounds to believe him guilty of violating § 321.281.

Two state liquor agents were "staked out" observing a Marshalltown tavern. Darold Conrad, a Marshalltown policeman, was also patrolling the area. The officers had information which led them to believe an illegal party was being held at the tavern.

Plaintiff and his wife were attending a party at the home of friends near the tavern and had parked their car in the tavern parking lot. There is little reason to question plaintiff's testimony he consumed only two or three drinks while at the party from around 10:15 p. m. to approximately 2:00 a. m. when plaintiff and his wife entered their car to drive home.

Officer Conrad observed plaintiff's car swinging wide on an "S" curve and he thought it was going a bit fast. As he pursued plaintiff's car he received a radio message from the two liquor agents requesting him to stop the car. The state agents arrived and stopped plaintiff and his wife but did not approach their vehicle. Officer Conrad did and detected what he described as "a moderate odor of alcohol" on plaintiff's breath. This is not surprising since plaintiff agrees he had been imbibing moderately at the private party.

Officer Conrad had plaintiff perform several sobriety tests. The officer testified in detail as to these tests and his observations led him to conclude therefrom plaintiff was under the influence of alcohol.

Plaintiff and his wife dispute the officer's testimony. Plaintiff explained any difficulty he had in performing the tests was a result of his corpulence and an athletic injury to his knee. (The officer testified plaintiff denied any physical disabilities before the sobriety tests were conducted.)

Plaintiff, his wife, and others who had seen him at the party testified plaintiff's balance, walk, and speech were normal. They testified plaintiff was not under the influence of alcohol. Two witnesses also saw plaintiff at the police station after he was booked and believed he was not then under the influence of alcohol.

In a strongly-worded opinion the trial court first concluded plaintiff was not under the influence of alcohol during the course of the party he attended and thereafter. It secondly concluded Conrad had no reasonable grounds to believe otherwise. On the basis of the record before us we would be inclined to agree with the trial court in its first conclusion but we disagree with it in its second.

I. "To get the parties' contentions in perspective, we review the applicable principles from our previous decisions. The criminal, judicial prosecution for driving while under the influence of intoxicants and the civil, administrative proceeding for license revocation are separate and distinct; the outcome of the criminal prosecution does not affect the civil proceeding. (Authority). When a motorist appeals to district court from a license revocation in the administrative proceeding, the case is tried anew upon the transcript from the Department of Public Safety and such additional evidence as the parties may introduce; the burden of proof rests on the motorist; to prevail, he must establish his case by a preponderance of the evidence; and in the event of further appeal to this court, we review the case de novo. (Authority)." *Carroll v. Iowa Dept. of Pub. Saf., etc.,* 231 N.W.2d 19, 21 (Iowa 1975). See *Saunders v.*

*Commissioner of Public Safety*, 226 N.W.2d 19, 22 (Iowa 1975); *Swenumson v. Iowa Department of Public Safety*, 210 N.W.2d 660, 661 (Iowa 1973); *Shellady v. Sellers*, 208 N.W.2d 12, 13 (Iowa 1973).

Especially when considering the credibility of witnesses we give weight to the findings of the trial court but are not bound by them. Rule 344(f)(7), Rules of Civil Procedure.

■ The trial court's ruling noted its finding was supported and bolstered by the fact another officer who had observed plaintiff's performance of the sobriety test was not called to testify, though present in the courtroom. In this the trial court was referring to the inference which arises where, without satisfactory explanation, relevant evidence within the control of a party whose interests would naturally call for its production is not produced. In such circumstances it may be inferred the evidence would be unfavorable. *State v. Thomas*, 162 N.W.2d 724, 727 (Iowa 1968) and authorities. See also McCormick on Evidence (Second Ed. 1972) § 272, pp. 656–659; II Wigmore on Evidence (Third Ed. 1940) §§ 285–291, pp. 162–188; 29 Am. Jur.2d, Evidence, §§ 175 and 180, pp. 220 and 224–227; 31 C.J.S. Evidence § 156(1), pp. 391–396.

■ The department urges the inference should not arise in this case because the evidence was equally available to plaintiff. *Thomas*, supra, 162 N.W.2d at 727; *State v. Parker*, 261 Iowa 88, 101, 151 N.W.2d 505, 513 (Iowa 1967). But we do not think this evidence was "equally available" to plaintiff. We believe the probable hostility of the witnesses in question rendered it proper for the trial court to call up the inference. *McCormick*, supra, § 272, p. 657; 29 Am. Jur.2d, Evidence, § 180, p. 226.

The inference should be invoked prudently. "Despite the plenitude of cases supporting the inference, caution in allowing it is suggested with increasing frequency. * * *." *McCormick*, supra, § 272, p. 657.

■ II. However our de novo review leads us to conclude Conrad had reasonable grounds to arrest. That determination, we believe, should be made objectively and not subjectively. We have said probable cause necessary for issuance of a search warrant is to be determined on the objective basis of the information available. See *State v. Hamilton*, 236 N.W.2d 325 (Iowa 1975). The determination of reasonable grounds for arrest is a different question but we think should similarly be determined objectively.

■ "The 'reasonable grounds' test is met where the facts and circumstances known to the officer *at the time he was required to act* warrant a prudent man in believing the offense has been or is being committed. (Authorities)." (Emphasis added.) *Saunders*, supra, 226 N.W.2d at 22.

So far as the elements of the offense are concerned there was no question in the officer's mind plaintiff had been operating the motor vehicle. Plaintiff had been drinking moderately and it is probable this could be detected, as the officer testified, from his breath. At the time of the arrest it does not appear the arresting officer knew of the athletic injury plaintiff later claimed affected his capabilities to perform the balance test.

■ As pointed out previously reasonable cause to invoke the implied consent law is not affected by facts later appearing which may have dimmed or even demolished the State's chances for a conviction upon the initial charge. Focusing on the crucial time and viewing the situation as we find it appeared to the officer there were reasonable grounds.

The case must be reversed and the cause remanded with directions for the trial court to enter an order reinstating plaintiff's revocation.

Reversed and remanded with instructions.