STATE of Iowa, Appellee,

v.

Victor Lewis HERSHEY, Appellant.

No. 83–573.

Supreme Court of Iowa.

May 16, 1984.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Jim P. Robbins, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

This appeal presents two evidentiary issues arising from the prosecution of a charge of operating a motor vehicle while intoxicated (OWI), second offense, in violation of Iowa Code section 321.281 (1981). Defendant Victor Lewis Hershey contends the court erred in overruling his foundational challenge to breath test results and

his best evidence challenge to admissibility of a carbon copy of an implied consent form. We affirm the trial court.

A Boone police officer arrested defendant at approximately 2:47 a.m. on November 25, 1982, after observing defendant driving erratically on a Boone street and after administering field sobriety tests. The officer took defendant to the police station where implied consent procedures were followed, resulting in defendant's consent to a breath test. The test showed a blood alcohol level of .164 percent by weight.

Before trial defendant moved to suppress the breath test results, alleging among other grounds that the police did not have him under observation for 15 minutes prior to administering the breath test. After an evidentiary hearing, the trial court overruled the motion, and the case proceeded to trial. At trial defendant objected to admissibility of a carbon copy of the implied consent form following testimony that the original had been sent to the department of public safety. Defendant was convicted by the jury and sentenced. In this appeal he seeks reversal based on alleged error in the two evidentiary rulings.

**I. *The foundation issue.*** General principles governing admissibility of results of tests administered pursuant to Code chapter 321B are reviewed in *State v. Schlemme*, 301 N.W.2d 721, 722–24 (Iowa 1981). Foundational questions are to be determined by the court. *See* Iowa R.Evid. 104. Our review is for abuse of discretion. *See, e.g., State v. Oliver*, 341 N.W.2d 744, 747 (Iowa 1983).

Peace officers are authorized to administer breath tests in section 321B.4 (section 321B.15 in the present Code), which provides in part that "any peace officer, using devices and methods approved by the commissioner of public safety, may take a specimen of a person's breath or urine for the purpose of determining the alcoholic content of the person's blood." The applicable departmental rule provides in relevant part that the operator of an Intoxilyzer Model # 4011A taking a breath sample "shall proceed in accordance with the instructions contained in the operator's manual for such device, or instructions furnished by the Iowa department of public safety's criminalistic laboratory." 680 I.A.C. 7.2(1). A checklist furnished by the criminalistic laboratory was used and admitted into evidence in this case. In accordance with section 321B.4, the State was obliged to show compliance with the checklist procedures. *See State v. Jensen*, 216 N.W.2d 369, 372 (Iowa 1974).

At issue here is a checklist requirement which provides: "Observe subject for at least 15 minutes prior to testing. The subject may not smoke, eat or drink for at least 15 minutes before testing." Expert testimony showed the purpose of this requirement is to assure that the testing reflects alcohol content in deep-lung air. The possibility of skewed results from smoking, eating or drinking is obviated by the lapse of time.

Defendant challenges the sufficiency of evidence to show the State complied with the 15-minute observation requirement. The State introduced direct and circumstantial evidence on this issue.

The arresting officer observed defendant from approximately 2:42 a.m. until at least 2:55 a.m. when defendant acceded to the request for breath test. His observation was continuous before the arrest. After the arrest he searched defendant and found no drugs, beer or alcohol. The officer handcuffed defendant's hands behind his back for the ride to the police station, and the officer observed him occasionally through the rear view mirror during that trip. Defendant was booked and then taken to a glass-walled room for the test procedures. The officer said he did not see defendant put anything in his mouth and believed defendant had no access to anything. During the testing, done by a second officer, the arresting officer may have stepped out of the room but could still see defendant through the glass wall.

The second officer observed the arrest and followed the first officer to the station.

He obtained the test specimen at 3:02 a.m. During the time occupied by the testing, the second officer did not see defendant smoke, eat or drink.

Defendant contends the State did not meet its burden to show he did not smoke, eat or drink in the 15 minutes before the test because it did not show the officers observed him continuously during the trip to the police station. This contention is similar to attacks made on the foundation for admissibility of physical evidence when there is a break in the chain of custody. In those cases the foundation is sufficient if the evidence establishes a reasonable probability that tampering, substitution or alteration did not occur. *See State v. Lamp*, 322 N.W.2d 48, 57 (Iowa 1982). Just as it is not always necessary to show continuous custody for admissibility of physical evidence, it is not always necessary to show a 15-minute period of continuous observation to satisfy the requirement at issue in this case. Any reasonable likelihood that the arrested person had anything to smoke, eat or drink can be negated by circumstantial as well as direct evidence. Although the officers did not watch defendant continuously during the ride to the police station, he was seated during that period in the back seat of the police car with his hands handcuffed behind his back. Moreover, the record shows he did not have access to tobacco products, food or beverages at any time subsequent to being stopped.

Viewed in its entirety, the State's evidence was sufficient for the trial court to find defendant did not smoke, eat or drink during the 15 minutes before the breath test was administered. Therefore the court did not err in overruling the motion to suppress.

 II. *The implied consent form.* Defendant contends the trial court erred in overruling his objection on best evidence grounds to admissibility of a carbon copy of the implied consent form. Carbon copies are not subject to the best evidence rule; they are admissible as primary evidence. *State v. Evans*, 169 N.W.2d 200, 209–10 (Iowa 1969). The admissibility of writings is now addressed in Iowa Rules of Evidence 1003–1008.

The trial court did not err in overruling defendant's objection.

AFFIRMED.