**Jeff Edward MORGAN,
Petitioner–Appellee,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE
DIVISION, Respondent–Appellant.**

**No. 87–1749.**

Court of Appeals of Iowa.

June 29, 1988.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for respondent-appellant.

Ken J. Smith of Selby, Updegraff & Smith, Newton, for petitioner-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

The petitioner-appellee was arrested for operating a motor vehicle while intoxicated. The Department of Transportation revoked appellee's driver's license. The hearing officer of the Department of Transportation responsible for upholding the initial revocation made the following findings of fact which are not in dispute.

During the early morning hours of January 10, 1985, police officers Jeff Hoebelheinrich and McFarrin of the Newton, Iowa police department, observed the petitioner operating a motor vehicle in Newton, Iowa. They observed the petitioner's motor vehicle parked in the middle of the street with the door open. Officers Hoebelheinrich and McFarrin turned their police car around and observed the petitioner's motor vehicle moving and picking up speed. They followed the petitioner's motor vehicle and observed it exceed the speed limit. They observed the petitioner's motor vehicle slide when he stopped for a stop light and then observed it speed up again.

They stopped the petitioner's motor vehicle. Officer McFarrin approached the petitioner. Officer McFarrin told Officer Hoebelheinrich that he observed an odor of an alcoholic beverage on the petitioner and that the petitioner's eyes were bloodshot. The petitioner got into the officers' police car. Officer Hoebelheinrich observed an odor of an alcoholic beverage on the peti-

tioner and that his speech was slurred. He stated that it was obvious that the petitioner had been drinking.

The petitioner submitted to some field sobriety tests which he failed. The petitioner was requested to submit to a preliminary breath screening test at 1:10 a.m. on January 10, 1985. The petitioner told the officers that he wanted to talk to his attorney before submitting to a preliminary breath screening test. Then Officer McFarrin arrested the petitioner for OWI at 1:11 a.m. on January 10, 1985.

The petitioner was taken to the police station at Newton, Iowa. He requested permission to speak to an attorney. An attorney was contacted and the petitioner was allowed to consult with his attorney. Officer Hoebelheinrich read the implied consent advisory to the petitioner and requested him to submit to a breath test for chemical analysis at 1:24 a.m. on January 10, 1985. The petitioner consented to the breath test and submitted to the breath test at 2:20 a.m. on January 10, 1985. The breath test result indicated the petitioner had an alcohol concentration of .163.

The hearing officer from the Department of Transportation determined that the arresting officer had reasonable grounds to believe the petitioner was operating a motor vehicle upon the public highway while under the influence of an alcoholic beverage. He then entered the proposed decision which upheld the revocation of the petitioner's license pursuant to Iowa Code section 321B.16 (1985), for operating a motor vehicle with a blood alcohol content of .10 percent or more on January 10, 1985.

The petitioner filed an appeal of the administrative hearing officer's proposed decision, which was affirmed. The petitioner then petitioned the district court to review the administrative action.

On its review, the district court overturned the administrative decision for two reasons. First, the court held that the decision of the Department of Transportation was not supported by substantial evidence. Second, the court further found that at the police station the officers did not follow the recommended procedures of the Department of Transportation for the administration of a breathalyzer test in that the petitioner was not under a fifteen-minute observation prior to the administration of the breathalyzer test. Appellant here argues that the district court was in error for overturning the administrative decision based on the aforementioned reasons.

At the outset, we determine that both issues were preserved for appeal.

When a motorist appeals to district court from a license revocation and the administrative proceeding, the case is tried anew upon the transcript from the Department of Public Safety and such additional evidence as the parties may introduce....

*Crosser v. Iowa Department of Public Safety*, 240 N.W.2d 682, 684 (Iowa 1976).

## I.

We must now determine whether the Department of Transportation's factual conclusion that the police officers had reasonable grounds to believe the petitioner to have been operating while under the influence of alcohol was supported by substantial evidence in the record. Iowa Code section 321B.26 (1985), now section 321J.13, limits the issues at the administrative hearing to whether a peace officer had reasonable grounds to believe that the person was operating a motor vehicle in violation of Iowa Code section 321.281 (1985), now section 321J.2, whether the person refused to submit to the test or tests, and whether a test was administered and the test results indicated an alcohol concentration of .10 or more.

On purely factual matters such as this, both the district court and this court exercise a limited scope of review. Fact findings of an agency are binding on the courts when they are supported by substantial evidence. *Norland v. Iowa Department of Job Service*, 412 N.W.2d 904, 913 (Iowa 1987). Evidence is not insubstantial merely because it would have supported contrary inferences. *Id.* at 913. It is substantial when a reasonable mind would accept it as adequate to reach the same findings. *Id.*

When there is a conflict in the evidence or when reasonable minds might disagree about the inferences to be drawn from the evidence, the decision of the agency should be affirmed. *Id.* at 908. In short, the findings of an agency are binding on appeal unless a contrary result is demanded as a matter of law. *Id.* This limited scope of factual review is warranted by the presumably greater expertise an agency has over matters within its purview. *Id.* We must ask "not whether the evidence might support a different finding but whether the evidence supports the findings actually made." *Id.* at 908.

The "reasonable grounds" test is met where the facts and circumstances known to the officer at the time he was required to act warrant a prudent man in believing the offense has been or is being committed. *Saunders v. Commissioner of Public Safety,* 226 N.W.2d 19, 22 (Iowa 1975); *Crosser v. Iowa Department of Public Safety,* 240 N.W.2d 682, 685 (Iowa 1976). Because there is no "exclusionary rule" in an implied consent proceeding, the determination of whether reasonable grounds exist should be based on all the evidence introduced at the hearing, including evidence obtained even as a result of an unconstitutional stop. *Westendorf v. Iowa Department of Transportation,* 400 N.W. 2d 553, 556–57 (Iowa 1987).

The evidence in this case includes a police officer's testimony that he observed petitioner's car in the street with the door open; observed petitioner speeding and fishtailing; observed an odor of alcoholic beverage about petitioner; observed that petitioner's eyes were bloodshot and his speech slurred; and observed that petitioner failed some field sobriety tests. The district court held that other factors could account for some of these observations and also held that these observations "were not conclusive."

We determine that they need not be. The "reasonable grounds" test requires that the officer have enough information to reasonably believe that the petitioner committed the offense of OWI. We hold that the police officer's testimony in this case provides substantial evidence of the fact that he had reasonable grounds to believe that the petitioner was operating while under the influence of alcohol. We therefore reverse the district court's holding to the contrary.

II.

The appellant's next argument is that the district court erred in rescinding the license revocation on the grounds that the petitioner was not observed for fifteen minutes prior to the administration of the chemical test. We agree and reverse the trial court's decision on this issue.

The district court found that the petitioner "was not under a fifteen-minute observation prior to the administration of the breathalyzer test." The court found that this violated the "recommended procedures of the Department of Transportation for the administration of a breathalyzer test" and for that reason the test results should not have been considered at the administrative hearing.

No statute requires that a suspected drunken driver be observed for fifteen minutes prior to the administration of a breathalyzer test. The Iowa Supreme Court has, however, previously discussed a requirement, found in a checklist furnished by the Iowa Department of Public Safety's criminalistic laboratory, that the subject be observed for this amount of time. *State v. Hershey,* 348 N.W.2d 1, 2 (Iowa 1984).

The police officer testified in this case that the petitioner was observed for fifteen minutes prior to testing and he did not eat, drink, or smoke within that time period. We find that this testimony provides substantial evidence of this fact. Although there is contrary testimony in the record, this does not, as previously explained, render the police officer's testimony insubstantial. The existence of a conflict in the record means that the Department of Transportation should prevail. *Norland,* 412 N.W.2d at 908.

It is not even necessary to prove continuous observation. In *Hershey,* the Iowa Supreme Court held that the fifteen-minute

observation requirement was designed to insure that the petitioner did not smoke, eat, or drink prior to the chemical testing and that it suffices to prove that fact rather than the fact of continuous observation. *Hershey*, 348 N.W.2d at 2–3. Here, even assuming that the petitioner was not continuously observed, we find there is no evidence in the record that the petitioner smoked, ate, or drank, or did anything to affect the test results prior to the administration of the chemical test. Any reasonable likelihood that the defendant had anything to smoke, eat, or drink can be negated by circumstantial evidence as well as direct. *Hershey*, 348 N.W.2d at 2–3.

This matter must be reversed and the cause remanded with directions to the trial court to enter an order reinstating petitioner's revocation and otherwise affirming the administrative decision.

REVERSED & REMANDED WITH DIRECTIONS.