STATE of Iowa, Appellant,

v.

David Jeffrey WATERS, Appellee.

No. 94–1180.

Court of Appeals of Iowa.

June 27, 1995.

Thomas J. Miller, Attorney General; Bridget A. Chambers, Assistant Attorney General; Lee Poppen, County Attorney; and Jeffrey TeKippe, Assistant County Attorney, for appellant.

David R. Johnson of Brinton, Bordwell & Johnson, Clarion, for appellee.

Heard by DONIELSON, C.J., and HABHAB and HUITINK, JJ.

DONIELSON, Chief Judge.

The State appeals the district court's order granting the defendant's motion to suppress. We reverse and remand this case for further proceedings.

The defendant, David Waters, was charged with the offense of operating while intoxicated. He filed a motion to suppress alleging the stop of his vehicle was unlawful. The district court sustained the motion. It concluded the description of the suspect vehicle did not match the defendant's vehicle and the defendant's operation of his vehicle on the night in question had not been sufficiently erratic to warrant its stop.

When constitutional rights are at issue, we find the facts de novo. *State v. Lamp*, 322 N.W.2d 48, 50 (Iowa 1982). The Fourth Amendment requires a police officer must have reasonable cause to stop an individual for investigatory purposes. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20

L.Ed.2d 889, 906 (1968). The reasonable cause standard for investigatory stops is set forth in *State v. Lamp:*

> It is well settled that the fourth amendment requires reasonable cause to stop a vehicle for investigatory purposes. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *State v. Cooley,* 229 N.W.2d 755, 760 (Iowa 1975). When a stop is challenged on the basis that reasonable cause did not exist, the State must show that the stopping officer had "specific and articulable cause to support a reasonable belief that criminal activity may have occurred." *State v. Aschenbrenner,* 289 N.W.2d 618, 619 (Iowa 1980). Circumstances giving rise to suspicion or curiosity will not suffice. *State v. Dixon,* 241 N.W.2d 21, 23 (Iowa 1976). The officer is bound by the true reason or reasons for making the stop; that is, the officer may not rely on reasons that he or she could have had but did not actually have. *Aschenbrenner,* 289 N.W.2d at 619. If the State fails to meet its burden, the evidence obtained as a result of the stop must be suppressed. *State v. Reese,* 259 N.W.2d 793, 796 (Iowa 1977).

*Lamp,* 322 N.W.2d at 51. The determination of whether reasonable cause exists must be reached on an objective basis. *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621, 628 (1981); *Crosser v. Iowa Dep't of Public Safety,* 240 N.W.2d 682, 685 (Iowa 1976).

■ We find the record contains evidence of four factors which established reasonable cause to stop the vehicle. During the early morning hours of March 9, 1994, a person walked into the sheriff's office and made a complaint that a black Bronco was "tearing around" and "doing donuts" near his residence in the area of Hansen Park in Clarion, Iowa. While en route to respond to the complaint, law enforcement officers were informed an additional complaint had been phoned in regarding a black Bronco "running down the runway" at the Clarion airport. The second complaint was received at 1:22 a.m.

The investigating officers proceeded to the airport but did not find a black Bronco at or near that location. At 1:41 a.m. Deputy Lester stopped the defendant's black Bronco II within the Clarion city limits. Prior to stopping the vehicle, the deputy had seen it bounce up on a curb as it pulled on to the highway. The deputy also saw the vehicle go around parked cars for approximately a block and then continue down the center of the roadway for another block even though there were no more parked cars to impede its travel on the right side of the road.

The citizens' complaints about a black Bronco had specified the vehicle was not running well, had a loud muffler, and had a partial license plate number of "TJW" or "TIW," although all Broncos in the county have a prefix of "TJ" or "TI." Deputy Lester testified the defendant's vehicle had a license plate number of "TJA925" and when he stopped the vehicle it was not unusually loud and seemed to be running fine. The district court concluded the defendant's operation of his vehicle was not sufficiently erratic to warrant the stop. It also concluded the defendant's vehicle failed to sufficiently match the description of the vehicle described by the citizens. Specifically, the court felt the vehicle did not match because it did not have a noise or muffler problem and the letters in its license plate number did not match those given in the citizens' complaints.

The defendant does not dispute the information provided by the two citizen informants was reliable. However, he argues the factual description given by the citizens eliminated his vehicle as the suspect vehicle. We disagree. We find the type, color and first two license plate letters of the vehicle identified by the citizens matched those of the defendant's vehicle. Deputy Lester observed the defendant's vehicle bouncing up on a curb when it pulled onto the highway and he later observed it traveling in the center of the road when there was nothing to impede its proper operation in its own lane of traffic.

The proximity in time between the receipt of the citizens' complaints and Deputy Lester's observation of the defendant's vehicle lends support for a finding of reasonable cause for an investigatory stop. The absence of a noise or muffler problem is not disposi-

tive as a vehicle may appear much quieter when driven upon city streets than it does when being used for "doing donuts" and "tearing around."

Reasonable cause to stop the defendant's vehicle arose from the complaints by the two citizens regarding a black Bronco being driven in an erratic manner and from Deputy Lester's observations of the operation of the defendant's Bronco. Specific and articulable cause existed to support a *Terry* stop of the vehicle. The district court's suppression order is reversed and this case is remanded for further proceedings.

**REVERSED AND REMANDED.**