# IN THE SUPREME COURT OF IOWA

No. 36 / 05-1107

Filed April 27, 2007

**STATE OF IOWA**,

    Appellant,

vs.

**AARON BEUFORD STOHR**,

    Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Hancock County, John S. Mackey, Judge.

State sought discretionary review of district court order suppressing evidence of breath test in OWI case. **DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, and Karen R. Kaufman Salic, County Attorney, for appellant.

Richard A. Bartolomei of Bartolomei & Lange, P.L.C., Des Moines, for appellee.

**LARSON, Justice.**

Aaron Stohr was arrested and prosecuted for OWI as a third or subsequent offender under Iowa Code section 321J.2(*c*) (2003). Stohr filed a motion to suppress a breath test that had been administered using a DataMaster cdm device (hereinafter referred to as DataMaster), and the district court sustained the motion. We granted the State's application for discretionary review. The court of appeals reversed the ruling, and because this testing device is in widespread use in Iowa, we granted further review to provide guidance to the bench and bar. We affirm the decision of the court of appeals, reverse the judgment of the district court, and remand for further proceedings.

## I. *Facts and Prior Proceedings.*

On July 2, 2004, a state trooper stopped a vehicle driven by Aaron Stohr and detected an odor of alcohol. The officer observed a twelve-pack of beer behind Stohr's driver's seat and noticed that Stohr's eyes were bloodshot and watery. Stohr failed field sobriety tests, and two preliminary breath tests resulted in breath alcohol levels of .161 and .154. The trooper transported Stohr to the sheriff's office and administered a breath test on the DataMaster device. The result of Stohr's DataMaster breath test was .114, well over the legal limit of .08. Stohr filed several motions, including a motion to suppress on the ground the DataMaster test was not reliable and accurate. The district court heard arguments on this motion and, by agreement of the parties, admitted into the record the testimony of James Bleskacek, a criminalist with the Iowa Division of Criminal Investigation Criminalistics Laboratory (DCI), that had been given at a hearing in another case, *State v. Koester*. *Koester* was tried in another county, was appealed on the same issue as is before the court in the present case, and was affirmed

by the court of appeals in an unpublished opinion. 710 N.W.2d 257 (Iowa Ct. App. 2005).

The district court in the present case concluded that the trooper who administered the breath test did so in accordance with his training and all applicable regulations and statutes. Further, the court concluded that the DCI criminalist performed his prescribed duties in accordance with the regulations governing certification and recertification of the DataMaster. Nevertheless, the district court concluded that the scientific reliability standard of *Leaf v. Goodyear Tire & Rubber Co.*, 590 N.W.2d 525 (Iowa 1999), was not met with respect to the operation of the DataMaster. This conclusion was based on what the court perceived to be uncertain internal standard and calibration methods, as well as the variable nature of the breath sample blown into the machine by Stohr. The district court concluded that the test results were, therefore, too unreliable to be admitted and sustained the motion to suppress. The court of appeals disagreed with this analysis, and so do we.

## II. *Standard of Review.*

The parties disagree about the proper standard of our review. Stohr contends that the court of appeals erred in reviewing the district court's ruling for correction of errors at law. Instead of characterizing the issue as one of statutory interpretation, Stohr contends the issue involves an evidentiary ruling and, as such, should be reviewed for abuse of discretion.

Contrary to Stohr's argument, our cases clearly have held that review in such cases is not for abuse of discretion, but for correction of errors at law. *See, e.g., State v. Hornik*, 672 N.W.2d 836, 838 (Iowa 2003) (review for correction of errors at law when the result turns on the construction of Iowa Code section 321J.11); *State v. Long,* 628 N.W.2d 440, 447 (Iowa 2001) (review of ruling on hearsay objection for correction of errors at law, not for

abuse of discretion); *State v. Stoneking,* 379 N.W.2d 352, 354 (Iowa 1985) (review for correction of errors at law when " 'the operative facts and inferences are not controverted,' and the result will turn on the construction of [a statute]." (quoting *State v. Davis,* 271 N.W.2d 693, 695 (Iowa 1978))); *compare State v. Hershey,* 348 N.W.2d 1, 2 (Iowa 1984) ("Foundational questions are to be determined by the court. Our review is for abuse of discretion." (Citation omitted.)).

**III.  *Discussion.***

Admissibility of Stohr's breath-test results is expressly established by statute. Iowa Code section 321J.15 provides:

> Upon the trial of a civil or criminal action or proceeding arising out of acts alleged to have been committed by a person while operating a motor vehicle in violation of section 321J.2 or 321J.2A, evidence of the alcohol concentration . . . at the time of the act alleged as shown by a chemical analysis of the person's blood, breath, or urine is admissible. If it is established at trial that an analysis of a breath specimen was performed by a certified operator using a device intended to determine alcohol concentration and methods approved by the commissioner of public safety, *no further foundation is necessary for introduction of the evidence.*

(Emphasis added.)

Under section 321J.15, the State must establish three elements: (1) the test was performed on a device intended to determine alcohol concentration, (2) the test was performed by an operator certified to use the device, and (3) the methods used to perform the test were approved by the Commissioner of Public Safety. All three requirements were met in this case. First, the DataMaster is a device intended to determine alcohol concentration and has been approved by the commissioner. *See Hornik,* 672 N.W.2d at 841-42; *see also* Iowa Admin. Code r. 661-7.2(1). Stohr apparently concedes this point. Second, the operator must be certified to use the DataMaster device. The certificate indicating that the operator in

this case was qualified to use the device was placed in evidence and, although Stohr does not concede this point, we believe the operator's qualifications were clearly established. Third, the methods used by the operator must have been approved by the commissioner. *Hornik*, 672 N.W.2d at 841-42. It is undisputed that the operator conducted Stohr's breath test in accordance with his training and the operational checklist provided by the DCI. The commissioner authorized the DCI to establish procedures for testing breath-alcohol concentration using the DataMaster device, and the DCI did so. *See* Iowa Admin. Code r. 661-7.2(1). Further, the DataMaster used in this case had been certified to be in proper working order in accordance with the procedures issued by the DCI.

Despite the clear legislative procedure provided for administration of alcohol-sensing devices, and the express language of the statute that "no further foundation is necessary for introduction of the evidence," Stohr argues, and the district court held, that our general rule for admission of scientific evidence must be superimposed on the statutory criteria of section 321J.15. In making this argument, Stohr relies on *Leaf*. This reliance is misplaced. The holding of *Leaf*, with respect to scientific evidence, may be summarized as (1) a rejection of the mandate that federal courts exercise a "gatekeeping" function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), in favor of a more expansive approach to the admissibility of scientific evidence based on Iowa Rule of Evidence 702 and our cases applying it; and (2) a recognition of the district court's broad discretion in weighing the reliability of proffered scientific evidence. *Leaf*, 590 N.W.2d at 532-33.

Contrary to Stohr's argument and the ruling of the district court, nothing in *Leaf* suggests that its general rules for assessing admissibility of scientific evidence should control when a specific statutory process governs

the admission of evidence. If a defendant such as Stohr chooses to attack the results of a breath test, the jury may consider his argument in assessing the weight to give to the test results. We agree with the court of appeals that the district court erred in suppressing Stohr's breath-test results.

We affirm the decision of the court of appeals, reverse the judgment of the district court, and remand for further proceedings.

**DECISION OF COURT OF APPEALS AFFIRMED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

All justices concur except Hecht, J., who takes no part.