Scott W. BROWNSBERGER, Appellee,

v.

DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 89–1734.

Supreme Court of Iowa.

Sept. 19, 1990.

Thomas J. Miller, Atty. Gen., Charles J. Krogmeier, Acting Deputy Atty. Gen., and Carolyn Olson, Asst. Atty. Gen., for appellant.

Terrance G. Rutherford and John Mitchell Trewet of Howard, Rutherford & Mailander, Atlantic, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

NEUMAN, Justice.

This is an appeal by the Iowa Department of Transportation (DOT) from a district court order that directed the DOT to rescind its revocation of plaintiff Scott Brownsberger's driver's license. The question is whether Iowa Code section 321J.13(4) (1989), which requires reinstatement under certain circumstances, effectively operates as a statutory exclusionary rule. We conclude that it does and, therefore, affirm the district court.

On January 15, 1989, Scott Brownsberger was arrested in Atlantic, Iowa, for operating his vehicle while intoxicated (OWI). Upon his arrest, Brownsberger agreed in writing to furnish a breath sample for alcohol analysis. Because of his alleged failure to produce enough breath to trigger the recording device on the machine, however, Brownsberger was deemed to have refused the test. *See* Iowa Code § 321J.9. The DOT revoked Brownsberger's privilege to drive for 240 days. *See id.*

Meanwhile, in the parallel criminal prosecution for OWI, Brownsberger moved to suppress all evidence obtained as a result of his arrest. In his motion he alleged that "[t]here existed no reasonable grounds to justify the police stopping Defendant's vehicle." Following hearing, the district court sustained Brownsberger's motion without explanation and the criminal case was ultimately dismissed.

Armed with a favorable ruling on his motion to suppress, Brownsberger petitioned the DOT to reopen his license revocation proceedings and rescind its earlier order. Brownsberger cited Iowa Code section 321J.13(4) as authority for his request. That statute provides, in pertinent part:

A person whose motor vehicle license or operating privilege has been or is being revoked under section 321J.9 or 321J.12 may reopen a department hearing on the revocation if the person submits ... a petition stating that a criminal action on a charge of a violation of section 321J.2 filed as a result of the same circumstances which resulted in the revocation has resulted in a decision in which

the court has held that the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 had occurred to support a request for or to administer a chemical test.... Such a decision by the court is binding on the department and the department shall rescind the revocation.

Iowa Code § 321J.13(4).

The DOT resisted Brownsberger's petition, and following hearing, the hearing officer ruled that, because the district court gave no reason for sustaining the motion to suppress, Brownsberger could not benefit from section 321J.13(4). Brownsberger then petitioned the district court for judicial review of the agency's action. The district court held that implicit in the suppression ruling was the court's finding that no reasonable grounds existed to stop the vehicle. Therefore, the court held, the order suppressing all evidence obtained from the unconstitutional stop was binding on the DOT under section 321J.13(4). The court reversed the DOT's refusal to reinstate Brownsberger's license, and the DOT now appeals that decision.

The DOT contends on appeal that the district court's interpretation of section 321J.13(4) broadens the scope of the statute beyond its express terms and, in effect, creates an exclusionary rule unintended by the legislature. The thrust of the DOT's argument is that the district court erred by equating a finding of "no reasonable grounds to stop" with the statutorily mandated finding of no "reasonable grounds to believe that a violation of section 321J.2 had occurred to support a request for or to administer a chemical test." *See* Iowa Code § 321J.13(4). In other words, the DOT contends that the evidence gathered by the arresting officer may be used to defeat a petition under section 321J.13(4) even if that same evidence has been suppressed in the companion criminal case.

The DOT bases its argument on prior judicial decisions which considered criminal OWI prosecutions and DOT license revocations as separate and distinct proceedings. In *Severson v. Sueppel,* for example, this court held that acquittal of the crime of

OWI did not preclude the DOT from revoking the motorist's privilege to drive. 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967). More recently, in *Westendorf v. Iowa Department of Transportation,* 400 N.W.2d 553 (Iowa 1987), this court held that the exclusionary rule—which prohibits the use of evidence in a criminal trial that has been obtained in violation of a defendant's fourth amendment rights—has no application to civil administrative proceedings for license revocation. *Id.* at 557. Finally, the DOT relies on *Morgan v. Iowa Department of Transportation,* 428 N.W.2d 675, 678 (Iowa App.1988), in which the court of appeals stated that "the determination of whether reasonable grounds exist should be based on all the evidence introduced at the [administrative] hearing, including evidence obtained even as a result of an unconstitutional stop."

The weakness in the DOT's position is that it disregards the impact of section 321J.13(4) on the relationship traditionally existing between the criminal and administrative proceedings. As a result, the decisions cited shed little light on the case before us. The decisions in *Sueppel* and *Westendorf,* for example, turned on facts predating the enactment of section 321J.13(4). The plaintiff in *Morgan,* urging improprieties in the administration of a breath test, asserted no claim that parallel criminal proceedings resulted in suppression of evidence.

In the only reported decision in which this court has considered section 321J.13(4), we found that, because no criminal adjudication had occurred, the administrative reopening provision of section 321J.13(4) had not been triggered. *Manders v. Iowa Dep't of Transp.,* 454 N.W.2d 364, 366–67 (Iowa 1990). The *Manders* opinion affirmed the *Westendorf* rule that the constitutionality of a stop was immaterial insofar as the initial license revocation proceedings was concerned, but it left open the question of whether section 321J.13(4) operates as an exclusionary rule "in the limited situation in which an adjudication on the admissibility of evidence relevant to the implied consent law has been made in a criminal

proceeding growing out of the same facts." *Id.* at 366.

The question left unresolved in *Manders* is now squarely before us. At the outset we note that our task is to interpret section 321J.13(4) in a way that will advance rather than defeat its legislative purpose. *Iowa Fed'n of Labor v. Iowa Dep't of Job Servs.,* 427 N.W.2d 443, 445 (Iowa 1988). Contrary to the interpretation proposed by the DOT, we think the language of section 321J.13(4) removes some of the barriers erected by this court to separate the administrative and criminal proceedings for OWI. By its terms, the statute binds the DOT to certain action taken by the district court in separate criminal proceedings arising out of the same circumstances. Moreover, the remedy fashioned by the legislature is clearly exclusionary in nature. The department *must* rescind any license revocation that flows from police action which is subsequently found by the court to be without reasonable grounds for belief that the OWI law has been violated. Iowa Code § 321J.13(4).

Given this clear expression of legislative purpose, the DOT argues alternatively that, even if the statute operates under some circumstances as an exclusionary rule, the court's failure to make findings in accordance with the statutory language expands the reach of the statute without authority. It is true that a more precise ruling by the trial court might have aided our resolution of the controversy. Nevertheless, we concur with the court's ruling on judicial review that the suppression order excluded all evidence obtained from the stop including "any request for chemical testing or any chemical test results." Such a finding fits within the evident legislative purpose of section 321J.13(4) and, by the statute's terms, is binding upon the DOT. The court correctly reversed the DOT's refusal to rescind Brownsberger's license revocation and must be affirmed.

AFFIRMED.