Gary Arlis TRIPP, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Appellant.

No. 90–1087.

Court of Appeals of Iowa.

June 25, 1991.

Thomas J. Miller, Atty. Gen., Merrell M. Peters, Acting Special Asst. Atty. Gen., and Carolyn Olson, Asst. Atty. Gen., for appellant.

Richard D. Crotty, Council Bluffs, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

The Department of Transportation (DOT) revoked Gary Tripp's driver's license after Tripp was arrested for operating while under the influence (OWI). However, in a criminal prosecution for OWI arising from the same incident, the district court found Tripp not guilty because it was not convinced that Tripp had been driving just prior to the arrest. Tripp sought to reopen the agency hearing in an effort to rescind the license revocation. The DOT refused. Later, upon a petition for judicial review of the DOT's refusal, the district court directed that the license revocation be rescinded under Iowa Code section 321J.13(4) (1989), due to the dismissal of the criminal charge. The DOT appeals this district court ruling contending rescission of a license revocation under section 321J.13(4) is unavailable because there was never a finding that the

chemical test was inadmissible or invalid. We agree and we therefore reverse.

I. *Facts.* Tripp alleges the following: He drove his pickup truck into a ditch while avoiding potholes. After determining that the pickup was stuck, he caught a ride with a passer-by; the passer-by took him to a bar where Tripp drank for four hours while awaiting a return call from a towing service. Then he returned to the stuck pickup, retrieved some items from it, and began to walk toward his house.

At the point Tripp was walking away from his stuck vehicle, a police officer arrived on the scene. Tripp asserts he was too intoxicated to explain to the officer that the truck had been "ditched" hours earlier and that his drinking had occurred subsequently. The officer arrested Tripp for OWI and secured a blood test which showed an alcohol concentration of .247.

In an administrative proceeding arising from this incident, the DOT revoked Tripp's driver's license under section 321J.12 (reasonable grounds to believe that the person had been operating a motor vehicle while under the influence; submission to testing; and test results indicate blood alcohol concentration of .10 or more). At the administrative proceeding, Tripp did not contest that the officer had reasonable grounds to believe Tripp had been operating under the influence, nor did he contest the validity of the test results, but he did contest he had been *operating* a motor vehicle under the influence. Tripp's contention was not accepted by the DOT. Tripp's license was revoked.

On the parallel criminal charge, Tripp was tried to the court. The district court found him not guilty. The court found that the State had failed to prove Tripp had been intoxicated at the time he drove the pickup; in other words, the State had failed to negate Tripp's defense that his intoxication had occurred subsequent to the time he drove the truck.

After Tripp was found not guilty of the criminal charge, he filed a petition to reopen the administrative proceeding. Pursuant to Iowa Code section 321J.13(4), Tripp alleged the district court (on the

criminal charge) had found the chemical test to be inadmissible or invalid. The agency declined to reopen the proceeding.

Tripp petitioned the district court for judicial review of the agency decision; the district court overturned the agency's action and directed that Tripp's driving privileges be reinstated.

The DOT has appealed the district court's order directing that Tripp's driving privileges be reinstated under section 321J.13(4). The DOT argues rescission of the license revocation under this section requires a finding that the chemical test was· inadmissible or invalid. Because no such finding was made, the DOT contends rescission is not available.

■ II. *Scope of Review.* Section 321J.14 provides for judicial review of an action of the DOT in accordance with the terms of Chapter 17A, the Iowa Administrative Procedures Act. The scope of review in cases arising out of the Iowa Administrative Procedures Act is limited to the corrections of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination this court applies the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as the district court's. *Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979). Iowa Code section 17A.19(8)(a) provides in a contested case the court shall grant relief from an agency decision which is in violation of statutory provisions. The DOT and the district court interpreted section 321J.13(4) differently. Therefore, we must determine which interpretation is correct.

III. *Section 321J.13(4).* Section 321J.13(4) makes rescission of a license revocation available in the following circumstances:

* * * if the person submits a petition stating that a criminal action on a charge of a violation of section 321J.2 [OWI] filed as a result of the same circumstances which resulted in a revocation

has resulted in a decision in which the court has held that the peace officer did not have reasonable grounds to believe that a violation of section 321J.2 had occurred to support a request for or to administer a chemical test or *which has held the chemical test to be otherwise inadmissible or invalid. * * ** 

*Id.* (emphasis added).

This subsection creates a type of post hoc exclusionary rule. *See Brownsberger v. Dep't of Transp.,* 460 N.W.2d 449, 451 (Iowa 1990). If, in a separate criminal proceeding, the district court finds that the chemical test is inadmissible or invalid, a person can petition the DOT to rescind a prior revocation. *Cf. id.* A finding of inadmissibility or invalidity is binding on the agency and the revocation must be rescinded. *See id.*

Here, the judge who presided at the criminal proceeding testified before the district court that he found the chemical test irrelevant upon concluding Tripp had not been operating a motor vehicle just subsequent to his arrest. The judge testified that "to me invalid means irrelevant." The district court accepted this testimony and concluded that, in the criminal proceeding, the chemical test had been held invalid. Based on this conclusion, the district court found the finding binding on the agency and ordered rescission of the license revocation.

■ The district court erred in ordering the rescission of Tripp's license revocation. Nothing in the criminal court's order suggests that. the chemical test was found to be invalid or inadmissible. Rather, one of the criminal court's findings reads, "That the defendant subsequently submitted to the withdrawal of a speciman [sic] of his blood, which, pursuant to analysis at the DCI Lab, indicated an alcohol concentration [sic] of .247." This finding is only possible if the district court found the test result admissible. There is no finding the chemical test result was other than valid. Under these circumstances, the agency properly denied Tripp's petition to reopen the revocation hearing. The triggering event, a finding of invalidity or inadmissibility in the criminal proceeding, is wholly absent. *See Manders v. Dep't of Transp.,* 454 N.W.2d 364, 366 (Iowa 1990).

We reiterate that an administrative revocation under section 321J.12 and a criminal prosecution under section 321J.2 are two separate and distinct proceedings. Acquittal of the criminal charge of operating a motor vehicle while intoxicated does not preclude revocation of the motorist's privilege to drive. *Severson v. Sueppel,* 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967) (principle reaffirmed in *Brownsberger,* 460 N.W.2d at 450–51). Tripp admits that the officer had reasonable grounds to believe that a violation of section 321J.2 had occurred to support the request for submission to a chemical test. *See* § 321J.12. The chemical test results indicated an alcohol concentration of .247, well above the .10 level required for revocation. The criminal proceeding did not hold the chemical test was inadmissible or invalid. The district court erred in ordering the rescission of Tripp's license revocation.

This matter must be reversed and the cause remanded with directions to the trial court to enter an order reinstating Tripp's revocation and otherwise affirming the administrative decision.

REVERSED AND REMANDED WITH DIRECTIONS.