**IOWA DEPARTMENT OF TRANSPORTATION, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR BUCHANAN COUNTY, Defendant.**

**No. 92–1608.**

Supreme Court of Iowa.

Aug. 25, 1993.

Bonnie J. Campbell, Atty. Gen., and Noel C. Hindt, Asst. Atty. Gen., for plaintiff.

A.J. Flickinger, Independence, for defendant.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The Iowa Department of Transportation (DOT) has brought a certiorari action that challenges the district court's order in a criminal proceeding directing the DOT to remove from the defendant's driving record a 1982 conviction for operating a motor vehicle while intoxicated. We sustain the writ of certiorari.

In August 1982, John Joseph Mihall was convicted pursuant to a guilty plea of operating a motor vehicle while intoxicated in violation of Iowa Code section 321.281 (1981). On September 17, 1992, Mihall filed an application in the criminal case requesting that the district court direct the DOT to remove the conviction from the defendant's driving record on the basis that the defendant was unable to obtain a license for his employment as a truck driver because of the conviction. Apparently, the prosecution did not object to the removal. On September 15, 1992, the district court granted the application and directed the DOT to remove the conviction from Mihall's driving record.

On October 12, 1992, the DOT filed with this court a petition for writ of certiorari challenging the district court's jurisdiction

to enter such an order. On November 2, 1992, this court granted the petition.

In challenging the district court's order, the DOT claims that the district court in a criminal case did not have jurisdiction to order that the conviction be removed from the defendant's driving record with the DOT. The DOT also claims that the district court's criminal jurisdiction had terminated upon the conviction in 1982. The DOT further claims that the district court had no jurisdiction over it because it was not a party in the criminal case.

The DOT is directed under Iowa Code section 321.199 (1991) to maintain motor vehicle license records and also a conviction and accident file under Iowa Code section 321.200. Furthermore, the DOT is required to assist judicial officers in keeping a record of convictions. Iowa Code § 321.-491.

Such records are necessary for the enforcement of various statutory provisions regarding multiple driving offenses. For example, the enforcement of the driving habitual offender statute, Iowa Code section 321.555, is dependent on such record keeping. In addition, the seriousness of an offense of operating while under the influence under Iowa Code section 321J.2 and the length of a driver's license revocation under Iowa Code section 321J.4 are dependent on the number of offenses.

The maintenance of the records involves agency action that generally becomes subject to judicial review only under Iowa Code section 17A.19. *See Richards v. Iowa State Commerce Comm'n,* 270 N.W.2d 616, 619 (Iowa 1978). We have recognized a clear separation between criminal proceedings involving operating-while-intoxicated prosecutions and administrative proceedings such as the revocation of a motor vehicle license. *See Brownsberger v. Department of Transp.,* 460 N.W.2d 449 (Iowa 1990). This court in *Brownsberger* recognized a ruling in a criminal proceeding can affect a license revocation when statutorily authorized. 460 N.W.2d at 451.

In the present case, there is no statute permitting the court in the criminal case to direct the DOT to remove the 1982 conviction from the defendant's driving record with the DOT. Moreover, we can glean no legislative intent in chapter 321J permitting such judicial interference with the DOT's record keeping functions. In fact, the multiple offense provisions of the chapter reveal the opposite intent for such record keeping. Consequently, we conclude that the district court exceeded its authority in requiring the DOT to remove the defendant's 1982 conviction from his driving record with the DOT. We sustain the writ of certiorari.

**WRIT SUSTAINED.**