Tracy Lee ZENOR, Plaintiff–Appellant,

v.

IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION, Defendant–Appellee.

No. 95–1861.

Court of Appeals of Iowa.

Nov. 27, 1996.

Richard K. Betterton of Johnston, Potter-field, & Nathanson, P.C., Waterloo, for plain-tiff–appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney Gener-

al, and Carolyn J. Olson, Assistant Attorney General, for defendant–appellee.

Considered by SACKETT, C.J., and CADY and HUITINK, JJ.

SACKETT, Chief Judge.

Plaintiff-appellant Tracy Lee Zenor appeals from the district court's ruling affirming the ruling of defendant-appellee Iowa Department of Transportation, Motor Vehicle Division, revoking plaintiff's driver's license pursuant to Iowa Code section 321J.9 based on a finding plaintiff refused to take a breath test. Plaintiff claims (1) the district court erred in holding the law enforcement officer requesting the breath test properly screened plaintiff before requesting the test; (2) the district court erred in finding plaintiff's offer to submit to a urine test rather than a breath test did not satisfy the implied consent requirement of Iowa Code section 321J.6 (1995); and (3) the district court erred in not remanding the case for further administrative proceedings when plaintiff submitted new evidence. We affirm.

In January 1995, plaintiff was involved in an automobile accident where the car he was driving collided with another. Plaintiff suffered a visible abrasion above his right eye and a visible laceration to his left hand. He also injured his left knee and suffered soreness on the day following the accident. Steve Sodders, then a deputy sheriff in Grundy County, Iowa, went to the scene of the accident to investigate. There was testimony Sodders asked plaintiff about his condition and whether he needed medical assistance or an ambulance. The deputy testified plaintiff said he was fine and needed no medical assistance. Sodders further testified he noted a moderate odor of alcohol coming from plaintiff. Sodders noted plaintiff's eyes were bloodshot and watery and his speech was slurred. Sodders asked plaintiff to do certain field sobriety tests. According to the deputy, plaintiff failed the horizontal gaze nystagmus test. Prior to administering a walk-and-turn test, Sodders asked plaintiff if he had knee or ankle problems. Plaintiff said his knee hurt but he could do the test. Sodders requested plaintiff take a preliminary breath test. Plaintiff refused.

Sodders arrested plaintiff for operating a motor vehicle while intoxicated. Sodders read plaintiff the implied consent advisory and requested a breath specimen. Plaintiff refused to give a breath specimen and indicated he wanted a urine test instead. Sodders gave plaintiff notice that his driver's license would be revoked. Plaintiff contested the revocation.

At the contested hearing, plaintiff introduced photographs of the car he was driving at the time of the accident and medical reports. Plaintiff limited his testimony to questions about his medical reports. Plaintiff challenged Sodders' screening of plaintiff to determine whether he was intoxicated and whether plaintiff's agreement to provide a urine specimen satisfied the implied consent law. The administrative law judge affirmed the revocation, finding Sodders had reasonable ground to believe plaintiff was under the influence of alcohol. The judge further determined plaintiff's offer to provide a urine specimen did not excuse his refusal to provide a breath specimen. The judge held plaintiff failed to prove he was unable to provide a breath specimen. The license revocation was upheld.

Plaintiff filed an administrative appeal and raised an additional issue concerning whether Sodders properly screened him to determine his injuries and whether there were injuries from the accident that would have affected his ability to provide a breath test. The reviewing officer on the appeal affirmed the administrative law judge's decision determining plaintiff had not shown he was unable to take a breath test and plaintiff did not prove Sodders did not have reasonable grounds to invoke the implied consent law. The reviewing officer further concluded plaintiff's consent to provide a urine specimen rather than a breath test did not satisfy the requirements of the implied consent law.

Plaintiff filed a petition for judicial review in the district court challenging the revocation. Plaintiff also filed an application for leave to present additional evidence, including a picture of his face taken after the accident, papers showing dismissal of the criminal charge, and a letter directed to his

alleged intoxication. The district court denied the application. The court affirmed the department's decision, finding plaintiff had no right to choose between a breath or urine test and plaintiff did not prove he was incapable of giving a breath test. The court further found the deputy had reasonable ground for invoking the implied consent law.

Plaintiff appeals. A motorist appealing from an order revoking his or her driver's license has the burden of proving the allegations by a preponderance of the evidence. *Saunders v. Commissioner of Public Safety,* 226 N.W.2d 19, 22 (Iowa 1975); *Buda v. Fulton,* 261 Iowa 981, 985–86, 157 N.W.2d 336, 338 (1968). Plaintiff has the burden of proving the deputy did not have reasonable grounds to believe plaintiff was operating a motor vehicle in violation of Iowa Code section 321J.2 (1995).

Plaintiff admitted he was driving an automobile that was involved in the accident a short time before the deputy arrived. The focal question is whether there were reasonable grounds for the deputy to believe plaintiff was under the influence of an alcoholic beverage at the time.

In determining whether the officer had reasonable grounds, the question is whether, looking at the facts and circumstances known to the deputy at the time, a prudent person would believe plaintiff was under the influence. *Crosser v. Iowa Dep't of Pub. Safety,* 240 N.W.2d 682, 685 (Iowa 1976); *see State v. Braun,* 495 N.W.2d 735, 738–39 (Iowa 1993); *State v. Owens,* 418 N.W.2d 340, 342 (Iowa 1988); *Saunders,* 226 N.W.2d at 22.

Section 321J.14 provides for judicial review of an action of the Department of Transportation in accordance with Iowa Code chapter 17A. *Tripp v. Iowa Dep't of Transp., Motor Vehicle Div.,* 474 N.W.2d 812, 814 (Iowa App.1991). Our scope of review is limited to the correction of errors at law. *Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 165 (Iowa 1982). A district court decision rendered in an appellate capacity is reviewed to determine whether the district court correctly applied the law. *Id.* To make that determination,

this court applies the standards of Iowa Code section 17A.19(8) (1995) to the agency action to determine whether our conclusions are the same as the district court's. *See Jackson County Pub. Hosp. v. Public Employment Relations Bd.,* 280 N.W.2d 426, 429–30 (Iowa 1979). The scope of review encompasses a review of the entire record and is not limited to the agency's findings. *Higgins v. Iowa Dep't of Job Serv.,* 350 N.W.2d 187, 191 (Iowa 1984).

Iowa Code section 17A.19(8)(f) provides in a contested case the court shall grant relief from an agency decision which is unsupported by substantial evidence made before the agency when that record is viewed as a whole. *Eaton v. Iowa Dep't of Job Serv.,* 376 N.W.2d 915, 916–17 (Iowa App. 1985). Evidence is substantial to support an agency's decision when a reasonable person would find it adequate to reach a conclusion. *Id.* at 917. The question is not whether the evidence might support a different finding, but whether the evidence supports the findings actually made. *Henry v. Iowa Dep't of Job Serv.,* 391 N.W.2d 731, 734 (Iowa App. 1986). The fact that two inconsistent conclusions can be drawn from the evidence does not mean one of those conclusions is unsupported by substantial evidence. *Id.*

There is substantial evidence to support the decision the police officer had a reasonable belief plaintiff had been driving under the influence. We recognize, as plaintiff argues, the officer has an obligation to protect the health of the person he or she seeks to test. The smell of alcohol, coupled with plaintiff's poor performance on the field tests, is substantial evidence to support a finding the deputy had reasonable ground to believe plaintiff was operating his motor vehicle in violation of Iowa Code section 321J.2. We affirm on this issue.

The next question is whether there is substantial evidence to support the finding plaintiff did not prove he was not able to perform the requested breath test. The three-fold purpose of the implied consent statute's procedural requirements is to protect the health of the person being tested, to guarantee accuracy of test results for use in

judicial proceedings, and to prevent citizens from indiscriminate testing and harassment. *State v. Satern,* 516 N.W.2d 839, 841 (Iowa 1994); *State v. Hopkins,* 465 N.W.2d 894, 894 (Iowa 1991).

■ Plaintiff contends he was willing to provide a urine specimen, and based on his injuries he should have gone to the hospital, provided the specimen, and had his injuries checked.

In *Gottschalk v. Sueppel,* 258 Iowa 1173, 140 N.W.2d 866 (1966), Gottschalk contended he refused to take only a blood and urine test when requested and was not given the opportunity to submit to a breath or saliva test because neither was made available to him. The court in interpreting the then-current statutes stated:

Section 39 provides the motorist "shall be deemed to have given consent to the withdrawal ... of specimens of his blood, breath, saliva, or urine, and to a chemical test or tests thereof...." Also that "the withdrawal of such body substances, and the test or tests thereof, shall be administered at the written request of a peace officer...." And, finally, that if a specimen of blood is refused, "then a specimen of his breath, saliva, or urine shall be withdrawn at the written request of such peace officer...."

The statute thus states consent is given to the withdrawal of specimens of the named body substances, not of a specimen of the one body substance the motorist selects, and to a test or tests thereof; also that the withdrawal and the test or tests are at the written request of the officer, thus implying the choice is his, not the motorist's. The legislature could hardly have intended that every peace officer be equipped at all times to administer all four chemical tests nor to provide means whereby the law could be evaded by the motorist's choice of a test he knew the arresting officer was not equipped to administer.

*Gottschalk v. Sueppel,* 258 Iowa 1173, 1184, 140 N.W.2d 866, 872 (1966).

The deputy requested a breath test and plaintiff refused. Iowa Code section 321J.6(2) states:

The peace officer shall determine which of the three substances, breath, blood, or urine, shall be tested. Refusal to submit to a chemical test of urine or breath is deemed a refusal to submit, and section 321J.9 applies.

The argument was not made that under the facts and current law *Gottschalk* is not applicable. Plaintiff contends rather that the State's argument is a bureaucratic argument and, based on plaintiff's alleged injuries, the fact he agreed to a urine test should have been sufficient. Plaintiff cites no authority for his argument and we find none. There was substantial evidence to support the agency's finding on this issue.

Plaintiff next contends his consent to provide a urine sample instead of a breath sample satisfied the requirements of the implied consent statute, and the agency and the district court erred in holding otherwise. We affirm on this issue.

Plaintiff's final complaint is that the district court erred in failing to remand the case back to the agency to review new evidence submitted by plaintiff concerning his physical condition at the time of the accident. Iowa Code section 17A.19(7) provides a mechanism for admission of additional evidence following a final agency determination. If the district court finds the additional evidence is material and the party has shown a good reason for not presenting it before the agency, this section requires the court to remand the matter to the agency for a new determination. There are occasions when the matter should be remanded to the agency. *See McMahon v. Iowa Dep't of Transp.,* 522 N.W.2d 51, 54 (Iowa 1994).

■ We review on this issue for an abuse of discretion. In order to show an abuse of discretion, one generally must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell,* 238 N.W.2d 131, 138 (Iowa 1976).

Plaintiff sought to have admitted to the administrative record a motion to dismiss the

criminal charge and an order dismissing the criminal charge, color photographs showing his injuries, and a letter from Howard W. Lyon of the Chemistry Department at the University of Northern Iowa. The letter advanced Lyon's opinion that plaintiff probably was not intoxicated and his injuries probably contributed to his failure to pass the field sobriety tests.

The motion to dismiss the criminal charge and the order dismissing it were not material. We are only considering whether the deputy had reasonable ground to arrive at his conclusion. *See Westendorf v. Iowa Dep't of Transp.,* 400 N.W.2d 553, 555–56 (Iowa 1987). A defendant's acquittal of a charge filed under Iowa Code section 321J.2 does not necessarily rescind the revocation of his or her license. *See Brownsberger v. Department of Transp., Motor Vehicle Div.,* 460 N.W.2d 449, 450–51 (Iowa 1990); *Severson v. Sueppel,* 260 Iowa 1169, 1176, 152 N.W.2d 281, 285 (1967); *Tripp,* 474 N.W.2d at 814–15. The administrative revocation under section 321J.2 and a criminal prosecution under section 321J.2 are separate proceedings. *Id.* Acquittal of the criminal charge does not preclude revocation of driving privileges. *See id.* Consequently, the matters considering the criminal charge were not material and the trial court did not abuse its discretion in failing to remand to the agency to consider that evidence.

The next question is whether the trial court should have remanded for the agency to consider copies of photographs of plaintiff's injuries. There is considerable evidence in the record concerning the injuries. Plaintiff has not shown why these photographs were not presented to the agency. The trial court did not abuse its discretion in failing to remand to the agency for the purpose of considering photographs of plaintiff following the accident.

The third question is whether the trial court should have remanded for the agency to consider the letter from Lyon. Plaintiff has not shown why it was not introduced before the agency. The State makes a number of arguments as to why the trial court did not abuse its discretion in not remanding to the agency to consider the letter. We find it unnecessary to address them all. The letter concludes, based on the written record, the writer would have *probably* (emphasis supplied) reached a different conclusion. The issue is whether the officer had a reasonable basis to reach his conclusion. The letter does not refute this issue. The trial court did not abuse its discretion.

We affirm.

**AFFIRMED.**