# IN THE COURT OF APPEALS OF IOWA

No. 13-0995
Filed May 14, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JORDAN LEE BROWN,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

Jordan Brown appeals his conviction for operating while intoxicated, second offense.  **AFFIRMED.**

Michael L. Lewis of Lewis Law Firm, P.C., Cambridge, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Daniel F. Weichmann, County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Jordan Brown appeals his conviction for operating while intoxicated, second offense. He asserts the district court erred in denying his motion to suppress the results of the breathalyzer test due to his initial refusal to undergo testing. We conclude there is no statutory violation that would preclude the admission of the test into evidence following an initial refusal, and, consequently, the district court properly denied Brown's motion to suppress. We therefore affirm his conviction.

On June 16, 2012, Iowa State Trooper Mike Ades found Brown asleep in his car on the shoulder of Interstate 35. The car was running and the headlights were on. After some effort in trying to rouse a sleeping Brown, Trooper Ades noticed a strong odor of alcohol emanating from Brown. Trooper Ades requested Brown to perform four field sobriety tests, which Brown failed. He was then placed under arrest and transported to the police station. Trooper Ades read Brown the implied consent advisory and asked if he would consent to a chemical test. Brown replied that he wanted to call his attorney before deciding what to do. He then made various phone calls but fell asleep waiting for his attorney to call him back. After about thirty minutes had passed, Trooper Ades woke Brown up to again request if he would consent to a chemical test. Brown refused. However, Trooper Ades, understanding that Brown was "just coming out of sleep" when confronted with the request, decided to re-read portions of the implied consent advisory, "so he could make the best-informed decision that he could make in that regard." Brown then consented to the test. The breathalyzer showed a blood alcohol content of .086.

The State charged Brown with operating while intoxicated, second offense, in violation of Iowa Code section 321J.2 (2011). Brown filed a motion to suppress the results of the breathalyzer test, which the district court denied. A bench trial on the minutes was held, and, in a written order filed on May 20, 2013, Brown was found guilty.

Brown appeals, and relies on *Welch v. Iowa Department of Transportation*, 801 N.W.2d 590 (Iowa 2011), and Iowa Code section 321J.9, for the proposition that once a person refuses to submit to chemical testing, a test shall not be given. He argues that, because he initially refused to submit to a test, Trooper Ades should not have repeated his request, and the admission of the test results from his subsequent consent violated his statutory rights. Consequently, he asserts the district court erred in denying his motion to suppress the test's results.

When the admission of evidence depends on statutory interpretation, we review the district court's decision for correction of errors at law. *State v. Palmer*, 554 N.W.2d 859, 864 (Iowa 1996).

The supreme court in *Welch* held the defendant's subsequent consent to a chemical test, following his initial refusal, did not negate his initial refusal for purposes of the administrative licensure revocation. *Welch*, 801 N.W.2d at 598–99. The *Welch* court did not address this question in the context of a criminal case. *See, e.g.*, *Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 504 N.W.2d 897, 898 (Iowa 1993) (recognizing the "clear separation between criminal proceedings involving operating-while-intoxicated prosecutions and administrative proceedings such as the revocation of a motor vehicle license"). Consequently,

the one-refusal mandate articulated in *Welch* does not necessarily apply to the admission of the test into evidence in a criminal case. *See generally State v. Dulaney*, 493 N.W.2d 787, 789–90 (Iowa 1992) (noting the police asked multiple times for a chemical test and the defendant, twice by his silence and finally by his words, refused).

Other than *Welch* and section 321J.9, Brown cites to no authority supporting his proposition that Trooper Ades was not "authorized to ignore the initial refusals to submit to chemical testing and permit [Brown] to subsequently provide a breath sample." In other words, Brown urges us to affirmatively extend the one-refusal rule as followed in the administrative licensing context to the criminal context, that is, to require the exclusion of any test offered after a defendant initially refuses to undergo testing. We do not find any authority requiring such a result.

Moreover, we do not find Brown's reasoning persuasive. Our case law requires law enforcement to employ reasonable efforts to convey the consequences of refusing to submit to chemical testing. *See State v. Garcia*, 756 N.W.2d 216, 220 (Iowa 2008) (stating "a driver's consent to testing may be considered involuntary, and therefore invalid, if it is coerced or if the driver is not reasonably informed of the consequences of refusal to submit to the test or failure of the test"). Nothing in this record would support the finding that Brown was "coerced." On the contrary, the record demonstrates that Trooper Ades took steps to ensure Brown was "reasonably informed of the consequences of refusal to submit to the test or failure of the test." Consequently, none of Brown's

statutory rights were violated,[1] and the district court properly denied Brown's motion to suppress. His conviction is affirmed.

**AFFIRMED.**

---

[1] In his introductory statement, Brown alluded to the fact the test was not voluntary and uncoerced, thereby implying constitutional violations occurred. However, Brown cited no authority supporting a constitutional claim, and therefore waived any arguments relating to the constitutionality of the test. *See* Iowa R. App. P. 6.903(2)(g)(3).