# IN THE COURT OF APPEALS OF IOWA

No. 20-0916
Filed October 20, 2021

**CITY OF MAXWELL and EMCASCO INSURANCE COMPANY,**
　　　Petitioners-Appellees/Cross-Appellants,

**vs.**

**DENNIS M. MARSHALL,**
　　　Respondent-Appellant/Cross-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Heather L. Lauber,

Judge.


　　　An employee appeals, and the employer cross-appeals, the district court's

ruling on judicial review affirming the workers' compensation commissioner's

award of healing period benefits and denial of penalty benefits.  **AFFIRMED ON**

**BOTH APPEALS.**


　　　Mark S. Soldat of Mark S. Soldat, PLC, West Des Moines, and Robert A.

Nading of Nading Law Firm, Ankeny, for appellant.

　　　D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellees.


　　　Heard by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Dennis Marshall appeals the district court's ruling on judicial review affirming the workers' compensation commissioner's denial of his request for penalty benefits. The City of Maxwell, with its insurer, EMCASCO Insurance Company (together "the employer"), cross-appeals on the issues of healing period benefits and its request to present additional evidence during the judicial review proceedings. Because the employer did not pay Marshall healing period benefits late, he is not entitled to penalty benefits. There is substantial evidence in the record to support the commissioner's determination of the time period for Marshall's receipt of healing period benefits. The district court did not abuse its discretion in denying the employer's request to remand the case to the commissioner for the presentation of additional evidence. We affirm the district court's decision affirming the commissioner's rulings on the issues raised in the appeal and the cross-appeal.

## I. Background Facts & Proceedings

Marshall was a volunteer firefighter for the City of Maxwell. On December 11, 2013, while responding to an emergency call, Marshall slipped on ice and fell, injuring his back. An MRI showed he had a large disk herniation. Marshall had three back surgeries in 2014—on January 27, February 19, and April 28. On January 17, 2015, Dr. Lynn Nelson stated Marshall reached maximum medical improvement (MMI).

Marshall continued to have problems with his back, but the employer would not authorize additional treatment due to Dr. Nelson's determination that Marshall had reached MMI. Marshall sought an independent medical evaluation, which was

performed on August 4 by Dr. Robin Sassman. Dr. Sassman concluded Marshall had not yet reached MMI and recommended an additional surgical evaluation.

The employer authorized an evaluation by Dr. David Boarini, who did not recommend additional surgery. Dr. Boarini suggested "weight loss, an exercise plan, and use of appropriate medication." An evaluation by Dr. David Strothman on January 6, 2017, recommended removal of the fusion instrumentation from an earlier surgery. This procedure was performed on April 10, as well as a revision decompression.

Marshall filed a petition seeking workers' compensation benefits. A hearing was held on August 9, 2017. At that time there was no finding that Marshall reached MMI following his April 10 surgery and Marshall had not returned to work. The deputy workers' compensation commissioner granted Marshall's motion to bifurcate the proceedings, so only the issues of healing period benefits and penalty benefits were to be heard. The parties stipulated that the issue of permanent disability was not ripe at the time of the hearing.

The deputy determined Marshall was entitled to healing period benefits from January 17, 2015, to April 10, 2017, the time period between when Dr. Nelson stated he reached MMI and when Dr. Strothman performed the fourth back surgery.[1] The deputy denied Marshall's request for penalty benefits, finding the

---

[1] The employer did not dispute that Marshall was entitled to healing period benefits following the fourth back surgery.

employer was not consistently late paying weekly benefits.[2]  The deputy denied Marshall's request for a rehearing on the issue of penalty benefits.

The employer appealed the deputy's decision, and Marshall cross-appealed.  The workers' compensation commissioner affirmed and adopted the deputy's decision.  The commissioner denied Marshall's request for a rehearing.

The employer and Marshall filed petitions for judicial review.  On March 5, 2019, the employer filed a request to remand the case to the commissioner for the consideration of additional evidence that was not available at the time of the agency hearing on August 9, 2017.  Marshall resisted the employer's request.  The district court denied the request to remand the case.  On April 28, 2020, the district court affirmed the decision of the commissioner.  The court denied the parties' motions pursuant to Iowa Rule of Civil Procedure 1.904(2).  Marshall appeals, and the employer cross-appeals.

## II.     Standard of Review

"In exercising judicial review of the agency's action, the district court acts as an appellate court, and its review is circumscribed by Iowa Code chapter 17A." *Johnston v. Iowa Dep't of Transp.*, 958 N.W.2d 180, 183–84 (Iowa 2021).  "When reviewing the district court's decision, 'we apply the standards of [c]hapter 17A to determine whether the conclusions we reach are the same as those of the district court.  If they are the same, we affirm; otherwise, we reverse.'" *Niday v. Roehl*

---

[2] The deputy determined the employer missed one day of benefits and delayed two weeks of benefits by one day.  The deputy assessed a penalty of $500.  This penalty award has not been appealed.

*Transp., Inc.*, 934 N.W.2d 29, 34 (Iowa Ct. App. 2019) (alteration in original) (citation omitted).

### III.     Penalty Benefits

The parties stipulated that Marshall's injury occurred on December 11, 2013.  Marshall contends that the first compensation week was December 12 to 18, and the second compensation week was December 19 to 25.  He asserts that he should have been paid each week following this schedule.  Marshall states that the employer improperly determined his weekly benefits began after eleven days.  He contends that he was consistently paid late due to this error and should be awarded penalty benefits under Iowa Code section 85.13(4) (2015).[3]  In order to receive penalty benefits, Marshall has the burden to show his benefit payments were late.  *See Drahozal v. Envoy Air, Inc.*, No. 20-0027, 2021 WL 1661150, at *8 (Iowa Ct. App. Apr. 28, 2021).

---

[3] Penalty benefits are governed by Iowa Code section 86.13(4), as follows:

a. If a denial, a delay in payment, or a termination of benefits occurs without reasonable or probable cause or excuse known to the employer or insurance carrier at the time of the denial, delay in payment, or termination of benefits, the workers' compensation commissioner shall award benefits in addition to those benefits payable under this chapter, or chapter 85, 85A, or 85B, up to fifty percent of the amount of benefits that were denied, delayed, or terminated without reasonable or probable cause or excuse.

b. The workers' compensation commissioner shall award benefits under this subsection if the commissioner finds both of the following facts:

(1) The employee has demonstrated a denial, delay in payment, or termination of benefits.

(2) The employer has failed to prove a reasonable or probable cause or excuse for the denial, delay in payment, or termination of benefits.

A challenge to the commissioner's decision concerning penalty benefits is a challenge "to the ultimate conclusion made by the agency and is therefore a challenge to the agency's application of law to the facts." *Dunlap v. Action Warehouse*, 824 N.W.2d 545, 557 (Iowa Ct. App. 2012). "[T]he commissioner's application of law to the facts as found by the commissioner will not be reversed unless it is irrational, illogical, or wholly unjustifiable." *Id.* (alteration in original) (citation omitted); *see also* Iowa Code § 17A.19(10)(m). When the issue on appeal concerns the agency's application of the law to the facts, then we review for "whether the agency abused its discretion by, for example, employing wholly irrational reasoning or ignoring important and relevant evidence." *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006).

Section 85.30 provides, "Compensation payments shall be made each week beginning on the eleventh day after the injury, and each week thereafter during the period for which compensation is payable." The Iowa Supreme Court stated, "[S]ection 85.30 provides for an eleven-day grace period following [an] injury to allow an evaluation and investigation of the injury and a determination of the correct weekly compensation rate before the first compensation payment is due." *Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 235 (Iowa 1996). "The due date for the first week of healing period compensation is the eleventh day after the injury." *Goodman v. Snap-On Tools Corp.*, No. 03-0414, 2004 WL 2066941, at *3 (Iowa Ct. App. Sept. 9, 2004). "The subsequent due dates fall on the day after the end of each compensation week thereafter, that is, the eighth day after the first day of each subsequent compensation week." *Id.* (citing *Robbennolt*, 555 N.W.2d at 235).

The deputy determined:

> The first weekly benefit payment is due on the eleventh day according to Iowa Code section 85.32.  [The employer] appear[s] to have voluntarily commenced benefits on the second day after the injury and paid weekly thereafter, rending each of their benefit payments . . . to be paid on time or early.  [Marshall's] analysis of the commencement of benefits is legally inaccurate.  [The employer's] contention and practice in this case is accurate and certainly [the employer] had a reasonable basis for their commencement and payment of benefits . . . .  Therefore, I perceive no basis for an award of penalty benefits for [the employer's] commencement of benefits and payment earlier than the statutory requirement of the eleventh day.

The commissioner "affirm[ed] the deputy commissioner's conclusion that [Marshall's] analysis of the commencement of benefits is legally inaccurate."  The commissioner concluded there was no basis for penalty benefits to be awarded in this case.  The district court determined the commissioner's interpretation of section 85.30 "was neither irrational nor erroneous."

We conclude the commissioner properly determined Marshall did not meet his burden to show the healing period benefits received from the employer were late.  *See Drahozal*, 2021 WL 1661150, at *8.  The payments were timely under section 85.30.  Because the payments were not late, Marshall is not entitled to penalty benefits under section 86.13(4).

## IV.    Healing Period Benefits

In the cross-appeal, the employer claims the commissioner erred by finding Marshall was entitled to healing period benefits for the time period from January 17, 2015, when Dr. Nelson stated Marshall reached MMI, to April 10, 2017, when Dr. Strothman performed the fourth back surgery.  It states that Marshall could have multiple MMI dates and intermittent healing periods.  The

employer asserts that Marshall reached MMI following his third surgery but then had another healing period following his fourth surgery. It disputes the commissioner's finding that Marshall was entitled to healing period benefits for the entire time period from January 17, 2015, to April 10, 2017.

The commissioner's factual findings are upheld on appeal if they are supported by substantial evidence when the record is viewed as a whole. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016). We consider whether there is substantial evidence to support the findings made by the commissioner, not whether the evidence could support different findings. *Larson Mfg. Co. v. Thorson,* 763 N.W.2d 842, 850 (Iowa 2009).

The employer relies upon *Waldinger Corp. v. Mettler*, which stated, "an injured employee's need for ongoing medical care sometimes extends well beyond the duration of an initial period of convalescence and becomes manifest after a return to work or after periods of work interrupted by physician-directed time off work." 817 N.W.2d 1, 8 (Iowa 2012). "[S]ection 85.34(1) leaves room for the possibility that continuing medical treatment provided by the employer under section 85.27 can result in a series of intermittent invasive treatments, periods of temporary disability from work and convalescence, serial MMI dates, and revised permanent disability ratings following a single work-related injury." *Id.* at 9. The employer contends that *Waldinger* is applicable because Marshall reached MMI on January 17, 2015, based on Dr. Nelson's opinion and then Marshall entered a new healing period after his fourth surgery on April 10, 2017.

The deputy commissioner concluded:

> I find that [Marshall] did not actually achieve [MMI] on January 17, 2015. Ultimately, [Marshall's] continued symptoms were partially caused by the placement of the fusion instrumentation. That hardware ultimately had to be surgically removed and yet another decompression performed at the L4-5 disk level. Unfortunately, [Marshall's] symptoms continued after January 17, 2015. . . . Therefore, I find that Mr. Marshall did not achieve [MMI] on January 17, 2015, and had not yet achieved [MMI] as of the date of the arbitration hearing.

The deputy's findings on this issue were affirmed by the commissioner. The district court determined that the commissioner's findings were supported by substantial evidence. The court also found "the Commissioner did not misinterpret, misapply, or otherwise improperly ignore *Waldinger* in reaching his decision."[4]

We find there is substantial evidence in the record to support the commissioner's determination that Marshall was not at MMI on January 17, 2015. At the time Dr. Nelson gave the opinion that Marshall achieved MMI, there was a recommendation for continued physical therapy to improve Marshall's condition. Marshall continued to experience symptoms after January 17, 2015. On August 4, 2015, Dr. Sassman stated Marshall was not yet at MMI. Marshall was evaluated by Dr. Boarini on March 30, 2016, and no additional surgical intervention was recommended at that time. Dr. Boarini suggested "weight loss, an exercise plan, and use of appropriate medication." Dr. Strothman evaluated Marshall on January 6, 2017, and recommended the fourth surgery, which took place on

---

[4] The employer claims the deputy and commissioner did not consider its arguments based on *Waldinger*. This claim is not supported by the record. The deputy stated the employer was claiming that Marshall entered "a new, or intermittent, healing period," following his April 2017 surgery, which is a reference to the ruling in *Waldinger*. *See* 817 N.W.2d at 9. The deputy's decision was affirmed by the commissioner.

April 10. Additionally, Marshall never returned to work following January 17, 2015, and remained off work at the time of the agency hearing on August 9, 2017.

The opinions of Drs. Sassman and Strothman, the recommendations for continued treatment, the fourth surgery, and the fact Marshall had not returned to work support a finding that Marshall was not at MMI on January 17, 2015. The commissioner could disregard the opinion of Dr. Nelson. *See Broadlawns Med. Ctr. v. Sanders*, 792 N.W.2d 302, 307 (Iowa 2010) ("It is the commissioner's responsibility to weigh conflicting evidence and accept that which he finds most credible."). We consider whether the evidence supports the findings actually made by the commissioner, not whether the evidence supports a different finding. *See St. Luke's Hosp. v. Gray,* 604 N.W.2d 646, 649 (Iowa 2000). We conclude *Waldinger* is not applicable due to the finding that Marshall had not yet achieved MMI. *See* 817 N.W.2d at 9. Because Marshall had not reached MMI on January 17, 2015, he was entitled to healing period benefits following that date. We affirm the commissioner's decision on this issue.

### V.     Remand to Commissioner

Prior to the hearing on the petition for judicial review, the employer filed an application for leave to present additional evidence. The employer wanted to present evidence that Dr. Strothman opined Marshall reached MMI on July 13, 2018. Also, Marshall had a functional capacity evaluation on May 2, 2018. The employer asserted that the fourth surgery did not significantly improve Marshall's level of functioning beyond his level on January 17, 2015. It asked to have the matter remanded to the commissioner to consider this new evidence.

Marshall resisted the employer's request to remand the case to the commissioner. He asserted that at the time of the agency hearing on August 9, 2017, the issue of permanent disability was not ripe for adjudication and the parties agreed that issue would be addressed in later proceedings. He claimed the evidence sought to be introduced by the employer was not relevant to the issues before the court.

The district court ruled:

> At the time of the hearing, the Court also heard [the employer's] request to consider additional evidence. [The employer] requested the Court remand to the agency for consideration of updated medical information, indicating Marshall's current medical condition. Marshall resisted. For the reasons set forth in Marshall's resistance, [the employer's] motion for remand to consider additional evidence is denied.

Our review of the district court's decision is for an abuse of discretion. *Interstate Power Co. v. Iowa State Com. Comm'n*, 463 N.W.2d 699, 702 (Iowa 1990); *Eckles v. Iowa Dep't of Transp.*, No. 09-1100, 2010 WL 2080109, at *2 (Iowa Ct. App. May 26, 2010). "In order to show an abuse of discretion, one generally must show the court exercised its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Zenor v. Iowa Dep't of Transp.*, 558 N.W.2d 427, 431 (Iowa Ct. App. Nov. 27, 1996) (citation omitted).

The pertinent portion of section 17A.19(7) provides:

> Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

"Iowa Code section 17A.19(7) provides a mechanism for admission of additional evidence following a final agency determination." *Zenor*, 558 N.W.2d at 431. "If the district court finds the additional evidence is material and the party has shown a good reason for not presenting it before the agency, this section requires the court to remand the matter to the agency for a new determination." *Id.* The evidence sought to be introduced must be material, which means it must be "'reasonably capable' of influencing an agency's decision." *Galey v. Emp. Appeal Bd.*, No. 17-1199, 2018 WL 3471602, at *4 (Iowa Ct. App. July 18, 2018) (citation omitted); *see also White-Ciluffo v. Iowa Dep't of Educ.*, No. 16-0309, 2017 WL 2469216, at *3 (Iowa Ct. App. June 7, 2017) (noting the evidence must be "'sufficiently material' to justify a remand to the agency"). Also, a party must show good reasons why the evidence was not previously presented to the commissioner. *See Interstate Power Co.*, 463 N.W.2d at 702.

The deputy granted Marshall's motion to bifurcate the proceedings, and the deputy heard evidence relating only to the claims of healing period benefits and penalty benefits. The parties stipulated that the issue of permanent disability was not ripe at the time of the agency hearing. The deputy's ruling on this issue was not appealed to the commissioner.

We find the evidence the employer sought to introduce was not relevant or material to the issue of whether Marshall was entitled to healing period benefits after January 17, 2015. The fact that a doctor opined Marshall reached MMI on July 13, 2018, does not change the analysis of whether he reached MMI on January 17, 2015. Also, the functional capacity evaluation on May 2, 2018, showed Marshall's level of functioning on that date and was not relevant to show

his level of functioning at an earlier time. Additionally, Marshall's functional capacity level goes to the issue of permanent disability, which was not before the agency in the present proceedings.

We conclude the district court did not abuse its discretion by denying the employer's request to remand the case to the commissioner for consideration of additional evidence. There is no need for the court to remand to the commissioner for consideration of evidence that is not material to a determination of the matter before the court. *See McMahon v. Iowa Dep't of Transp.*, 522 N.W.2d 51, 55 (Iowa 1994).

We affirm the district court's decision that affirmed the rulings of the workers' compensation commissioner in both the appeal and the cross-appeal.[5]

**AFFIRMED ON BOTH APPEALS.**

---

[5] Following oral argument before the Iowa Court of Appeals, Marshall filed a motion for leave to amend the appendix. We deny the motion. The document Marshall seeks to replace in the appendix was not part of the record submitted to the district court. On appeal, we consider only the record before the district court. *See* Iowa R. App. P. 6.801.